### A. C. WILLIAMS v. THE STATE.

No. 9444. Delivered April 14, 1926.

Rehearing denied June 23, 1926.

**1.—Burglary—Evidence—Of Other Offenses—Properly Admitted.**

Where, on a trial for burglary, proof of the discovery of the property stolen from the premises burglarized, together with other stolen property, found in the possession of appellant and two others, in a house occupied jointly by them, was properly admitted.

**2.—Same—Continued.**

Proof of other offenses is admissible, if such proof is a part of the res gestae of the offense for which the defendant is on trial, or if it tends to show intent, where intent is an issue, or serves to prove identity, where identity is an issue, or when it is sought to show the guilt of defendant by circumstantial evidence, and such proof of another offense, connects or tends to connect the defendant with the alleged offense for which he is being tried; or when it tends to defeat the defensive theory. See Branch's Ann. P. C., p. 1295. Following Stone v. State, 232 S. W. 818; Fountain v. State, 241 S. W. 489.

**3.—Same—Evidence—Properly Admitted.**

There was no error in permitting proof of the act of a woman in the house with appellant in drawing a gun on the officers, and appellant's effort to also secure a gun when arrested by the officers, nor the finding of a large quantity of stolen property in appellant's possession after his arrest.

ON REHEARING.

**4.—Same—Evidence—Held Sufficient.**

In the case at bar the state did not rely solely on the possession of the recently stolen property but there were other circumstances which had criminative force, and which justified the conclusion of an acting together between appellant and the other two parties, from which the theory of co-conspirators was plainly inferable. Distinguishing Russell v. State, 218 S. W. 1049.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Lon A. Brooks* of Anson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Jones County of burglary, punishment fixed at two years in the penitentiary.

Helms' house was burglarized Sunday afternoon. On the night following, a three-room house temporarily occupied by appellant, Skirlock and a woman was searched and all the property taken from the Helms' house, together with a quantity of other stolen property, was found therein secreted and scattered in all three of the rooms. Appellant took the stand in

his own behalf and said that he and the woman occupied a downstairs bedroom; that Skirlock had the upstairs room, and that they all three ate and cooked in the third room. He denied having anything to do with the burglary in question or the other stolen property found in said rooms, but admitted that the three of them had been in many places together during the two or three months preceding this arrest; also that what property they carried with them was contained in the woman's trunk and his and Skirlock's suit cases, and that they went into said three-room house while it was unfurnished, their purpose being to stay there while they picked cotton. He said they had been in the house a week or more before the burglary. He also said that the woman had a husband and that he had a wife,—which trifling facts seem to have in no way interfered with the relations of appellant and said woman, or rather of the three that made up the party. As far as this record reveals no explanation of the possession of any of the stolen property was offered by appellant or either of the others at the time of their arrest or the discovery of said property. It also appears that when the officers entered the house looking for the stolen property, the woman grabbed a gun and appellant started toward a bed under the head of which another gun was later found. Three shotguns, two or three rifles, four or five six-shooters, mirrors, quilts, mattresses, knives, forks, watches, manicure sets, wagon sheets, etc., etc., were found in the house, most of them apparently in the downstairs part and identified as recently stolen.

The court submitted the case to the jury on the theory of circumstantial evidence, and the testimony seems of sufficient cogence to support the verdict.

In reference to appellant's complaint at the reception of proof of the presence of a quantity of other stolen property found in the house, at the same time as the finding of the Helms' property, complaint of which is presented in several bills of exception, we call attention to the rule stated in Branch's Annotated P. C., p. 1285, where on the authority of a number of cases cited appears the folllowing statement:

"Proof of other offenses is admissible if such proof is a part of the res gestae of the alleged offense for which defendant is being tried, or if it tends to show intent when intent is an issue, or serves to prove identity when identity is an issue, or when it is sought to show the guilt of defendant by circumstantial evidence and such proof of another offense connects

or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory."

It appears that the testimony of the finding of said other stolen property in possession of appellant coincident with the finding of the Helms' property, would be admissible under more than one of the theories embraced by Mr. Branch in the above quotation. See also Stone v. State, 232 S. W. Rep. 818; Fountain v. State, 241 S. W. Rep. 489.

It was not erroneous to put before the jury by proof appellant's movements and those of the woman with reference to a gun, which the woman is said to have grabbed, or another gun toward which appellant made movements when the officers entered the house. The question asked appellant as to what property his party had when they began their occupancy of the three-room house a week or so before the finding of a large quantity of stolen property therein, seems proper under the rules stated by Mr. Branch, reference to which is above had. Appellant admitted the intimate association of himself, the other man and the woman in drifting from place to place and that the property carried with them was such as could be carried in a trunk and two suit cases. Within a week or at most a little more than a week after they came into the house of Mr. Stovall, which was unfurnished when they came, they were found in possession of a large quantity of stolen property.

Believing no error was shown to have taken place in the trial of this case, a judgment of affirmance will be entered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that on the authority of Russell v. State, 218 S. W. Rep. 1049, we should hold the evidence insufficient in this case and grant a rehearing. In the case referred to the sole fact relied on for conviction was the possession of recently stolen property, and such possession was not shown to have been exclusive, or to have been exercised by the accused in that case. We also held therein that the State should have developed facts which it did not but seemingly withheld. In the case at bar there were other circumstances aside from that of possession of recently stolen property, which circumstances had criminative force. The testimony justified the conclusion of an acting together between appellant and the other two parties who were with him temporarily occupying

the house in which not only the stolen property here involved, but a large quantity of other stolen property was found. The theory of co-conspirators was plainly inferable.

The motion for rehearing will be overruled.

Overruled.