## PERRY CAMPBELL V. THE STATE.

No. 19251.   Delivered January 5, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*Martin & Allred,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the theft of hogs and his punishment was assessed at confinement in the State Penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that on the night of August 25, 1936, some person or persons stole twelve hogs from Douglas Stevens in Hill County. About eleven P. M. on said night, Fann Briggs appeared at the ice plant in the town of Godley and requested Mr. Barney Smith to call a garage man, stating that he had some cattle in a trailer which he was taking to Wichita Falls; that he had broken a wheel on the trailer and desired to get a new wheel. W. C. Steakley testified that he worked at the ice plant on the night in question; that after Briggs left the plant, he and the night watchman drove out to the place where the trailer was broken down; that when they arrived, they found appellant, who told them that he had a load of hogs which he desired to take to Fort Worth and that his partner had gone to town for a wheel and a tire. The night watchman gave similar testimony. H. F. Alfrey testified that on said night while on his way home from the town of Godley, he passed a trailer standing on the road and stopped to see if he could render any assistance; that he saw appellant at the trailer who told him that his partner had gone into town to get a wheel. The officers took charge of the hogs which were subsequently identified by Stevens as those stolen.

The Chevrolet coupe used in pulling the trailer was purchased by appellant in Childress from Smith Motor Company in June of said year and carried license number 168-437. This coupe was later found in a canyon near Dickens, over three hundred miles from the place of the alleged theft and within seventeen miles of appellant's home.

Appellant's only defense was that of an alibi which he sought to establish by his own testimony and that of a number of witnesses. He also testified that he left his car on the premises of a Mr. Knight in Lubbock on August 25, from where it was stolen by some unknown person. We think the evidence is sufficient to justify and sustain his conviction.

Appellant urged a number of objections to the court's charge, based on the ground that the court erred in declining to instruct the jury that they must find from the evidence first, that at the time the hogs were discovered, they were in the possession of the appellant; second, that at said time he was asserting

exclusive control over them, and third that if defendant was in possession of said hogs, his possession must have been exclusive and he must have been asserting a distinct and conscious ownership over the property.

If such an issue was raised by the evidence, then no doubt appellant was entitled to such an instruction, but as we see it the uncontroverted testimony shows that two parties occupied the coupe drawing the trailer containing the stolen hogs as they passed through Godley; that in a short time, Fann Briggs came back to the town looking for a place to purchase a wheel for the trailer, but before he had found one, Mr. Derr and Mr. Steakley went out to the point where the trailer containing the hogs was broken down and found a person in possession thereof. This person was positively identified by Mr. Steakley as the appellant. He told Mr. Steakley that he had a lot of hogs and had started with them to Fort Worth; that they wanted to get the hogs to market before it got hot the next morning; that his partner had gone to town for a wheel and tire. From the foregoing statement it is apparent that the person in possession of the trailer and the stolen hogs was at the time asserting, in connection with his partner, a distinct and conscious ownership over the hogs. Consequently, we have a person in possession of recently stolen property, asserting ownership and right to the property in connection with his absent partner. Hence, the court committed no error in declining to give the requested charge. When two or more persons are found in possession of recently stolen property, each asserting ownership thereto, and there are other facts and circumstances proved from which an inference may be drawn that they jointly participated in the original taking, although separately indicted and separately tried, such a charge as the one here requested would not be authorized.

Appellant relies upon the case of Prather v. State, 81 S. W. (2d) 528, and other cases cited by him. We are in accord with the doctrine announced in those cases, but the facts of this case do not bring it within the rule there stated. In those cases, recent possession of stolen property was the only circumstance relied on to connect the accused with the offense charged. We think that the case of Williams v. State, 105 Texas Crim. Rep. 22, sustains the opinion herein expressed.

If we understand the record, the only really controverted issue in this case was whether appellant was the person who was present at the trailer containing the stolen hogs at the time and place it was broken down, and this issue is clearly submitted to the jury in the court's charge.

Finding no error in the record, the judgment of the trial court as affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant insists that we were in error in our original opinion herein, and that there were misquotations in the testimony that materially affected the showing relative to appellant's guilt. One of the complained of statements in said opinion was "That he [H. F. Alfrey] saw appellant at the trailer who told him that *his partner* had gone into town to get a wheel." This should read: "and I asked him [appellant] if he was having some trouble, and he said yes they had broke a wheel down and *the other fellow* had gone back to town to get one." However, it occurs to us that this is a distinction without a difference, especially in the light of the testimony of W. C. Steakley who testified: " * * * and he [appellant] also said *his partner* had gone to town for a wheel and a tire."

It occurs to us that this appellant was the one found in the possession of recently stolen property, and the further fact that another might have been implicated with appellant in such possession would not have excluded appellant's possession also at such time. In fact, at the time the witness Steakley was present at the broken down trailer, appellant alone seemed to be in possession of the hogs. Witness Steakley testified:

"When I had the conversation with the defendant he made the statement that he wanted to get this wheel fixed and get them hogs to town next morning, * * *. There was no one else there at the time except the defendant."

It seems to us that this would warrant the deduction that appellant was asserting a positive ownership, or at least possession of these recently stolen hogs.

It is our opinion that this cause was correctly decided in our original opinion herein, and the motion will therefore be overruled.