TOMMY LEE RABB V. STATE.

No. 30,208. January 28, 1959.
State's Motion for Rehearing Overruled April 1, 1959.
State's Second Motion for Rehearing Overruled April 29, 1959.

WOODLEY, Judge, dissented.

*Reynold M. Gardner,* Amarillo, for appellant.

*Lon Moser,* County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for aggravated assault by an adult male upon a female; the punishment, two years in jail.

The testimony of the state shows that about 7:30 P.M., the appellant entered an office on a used car lot where his divorced wife, with whom he had been recently living for about three months, was discussing the purchase of a car with the owner, and appellant then with force violently attacked her.

A physician who examined her at the hospital shortly after the attack testified that she was seriously injured and bled profusely.

Appellant testifying in his own behalf states that he surprised the injured party and the owner of the car lot in a clandestine meeting when he entered the unlighted office, that the owner attacked him with a billiard cue while the injured party held his arm. He denies striking the injured party at anytime, but says that her injuries were caused by the owner of the car lot missing him when he would strike with the cue and hit her each time.

Appellant complains of the action of the trial court in permitting the state to introduce in evidence before the jury the blood-stained clothing worn by the injured party over his objection that it did not explain or tend to explain any issue of fact and was inflammatory and prejudicial.

The testimony showing the nature, character, extent and lo-

cation of the injuries inflicted on the assaulted party is uncontradicted. These facts were clearly and abundantly shown independent of the clothing.

The controlling issue in dispute was whether it was the appellant or the owner of the car lot that struck the licks that injured the assaulted party.

4 Branch's Ann. P.C. 2d 340-341, Sec. 2029, reads:

"It is permissible to introduce bloody clothing in evidence only when the introduction serves to illustrate some point or solve some question, or serves to throw light upon the matter connected with the proper solution of the case, and under no other circumstances; * * *." (Authorities there cited.)

\* \* \*

"If there is no question as to the location of the wounds and their effect and character, bloody clothing should not be exhibited to the jury if its admission and exhibition could only serve the purpose of inflaming the minds of the jury." (Authorities there cited.)

The maximum jail sentence of two years was assessed by the jury against the appellant as the punishment in this case.

The admission of the bloody clothes in evidence did not shed any light on the identity of the person inflicting the injuries on the assaulted party and in view of the maximum jail sentence assessed as punishment such evidence could have been prejudicial, hence it calls for a reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge, (dissenting).

The majority order the State's motion for rehearing overruled without written opinion.

On original submission we reversed the conviction upon the holding that the bloody clothing shed no light upon any contro-

verted fact issue. In this I am convinced that we were in error, and dissent to the overruling of the motion for rehearing.

It was the state's theory that the injured woman was severely beaten by appellant in the office at the car lot.

Appellant denied that he struck or injured the woman. He testified that her injuries resulted from being twice struck with a billiard cue by the car lot owner, the blows being intended for him. Appellant testified that at the time the injuries were so inflicted upon the woman her panties were lying on the arm of the settee in the car lot office and that the used car lot owner's trousers were unzipped. The bloody condition of her under-clothes refuted the claim that the injured woman was not wearing them at the time she received the injuries as she testified she was. The panties were a part of the clothing the introduction of which was the basis for the reversal of the conviction. Appellant examined them while testifying and admitted that there was blood on them.

The rule which forbids the introduction of bloody clothes where such admission and exhibition could serve only to inflame the minds of the jurors has no application under the facts stated.

Such clothing is admissible when it tends to throw light on any controverted issue. If admissible for such reason the fact that the evidence may be prejudicial is of no consequence. Long v. State, 48 Texas Cr. Rep. 175, 88 S.W. 203, 205; McCormick & Ray, Texas Law of Evidence, Sec. 662.