Jerry Marlin WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41676.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

Doug Crouch, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Howze and Truman Power, Asst. Dist. Attys., Fort Worth, Texas and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for assault with intent to murder; the punishment, twelve years.

Trial was to the jury upon appellant's plea of guilty.

Five grounds of error are urged by appellant in his brief filed in the trial court.

In his first two grounds of error, appellant insists that the court erred in failing to properly admonish him as to the consequences of his plea.

Prior to trial, appellant was arraigned and entered a plea of not guilty to the indictment. At the trial, after the jury was selected, empaneled, and sworn, appellant was again arraigned, in the jury's absence, and entered a plea of guilty. He was not admonished by the court at such time as to the consequences of his plea. Thereafter, in the presence of the jury, appellant entered his plea of guilty and was admonished by the court as to the consequences of his plea and the term of years which could be assessed as punishment in the case.

It is appellant's contention that the court erred in failing to admonish him when he first entered his plea of guilty upon arraignment in the jury's absence and in failing to inform him of the provisions of the adult probation law (appellant having filed application for probation of sentence) when he later was admonished by the court as to the consequences of his plea before the jury.

■ We agree with appellant's contention that the proper time for a defendant to be admonished of the consequences of his plea of guilty is upon arraignment and before the jury is empaneled.

Chapter 26 of the 1965 Code of Criminal Procedure relates to arraignment, and Arts. 26.11, 26.13, and 26.14, included in said chapter, apply where a plea to the indictment is "Guilty."

It does not follow that a conviction on a plea of guilty before a jury will be set aside where the record reflects that the defendant was admonished—as required by Art. 26.14 —after the jury was empaneled, and persisted in entering such plea.

We can conceive of cases in which the admonition to the defendant in the jury's presence could prejudice the defendant and result in a mistrial or a reversal (such as where it becomes necessary to withdraw the plea of guilty and enter a plea of not guilty). We have no such case here.

■ We do not agree that it was necessary for the court to inform appellant as to the jury's authority to recommend probation when admonishing him before the jury as to the consequences of his plea.

Williams v. State, Tex.Cr.App., 415 S.W. 2d 917, cited by appellant, did not involve the matter of advising an accused of the right to probation in admonishing him as to the consequences of his plea and is not here applicable, under the facts.

In his ground of error #3, appellant insists that the court erred in admitting evidence showing the presence of a pistol on a table on which appellant was sitting

when arrested in his home three days after commission of the offense, over his objection that such evidence was prejudicial and had no bearing upon any issue in the case.

 While such evidence did not tend to solve any issue in the case, it was admissible as a circumstance surrounding the arrest of appellant, who at the time was a fugitive. Williams v. State, 105 Tex.Cr.R. 22, 285 S.W. 616; Martinez v. State, 140 Tex.Cr.R. 159, 140 S.W.2d 187.

It should be pointed out that mere possession of a gun by appellant in his home would not show commission of an offense.

In his ground of error #4, appellant insists that the court erred in permitting the district attorney to give unsworn testimony during his cross-examination of appellant concerning breaking and entering a pawn shop which was the pawn shop being burglarized at the time appellant committed the offense of assault with intent to murder.

On cross-examination, state's counsel asked appellant if some nine months before the offense was committed, while walking past the pawn shop he asked a person if the pawn shop had ever been broken into and made the remark that "it looked like it would be easy." Appellant denied having made such statement, and his objection was as follows: "Your Honor, if counsel is going to testify, I suggest he take the witness stand." The objection was overruled and state's counsel did not take the witness stand.

We perceive no error. The ground of error is overruled.

In his fifth ground of error, appellant complains of the court's action in overruling his challenge for cause to three prospective jurors who stated, in substance, that they would be less likely to consider probation of sentence for a person who harmed a policeman while on duty (the injured party being a policeman) than if a person injured were a private citizen. Appellant insists that by reason of the court's ruling he was forced to use peremptory challenges on other jurors and was forced to take two objectionable jurors on the jury.

Art. 35.16, C.C.P., sets out the reasons for challenges for cause to a particular juror. We find nothing in the article which would render a juror subject to challenge for cause merely because he states he would be less likely to grant probation where the injured party is a policeman on duty. It has been held that mere prejudice against the crime committed by an accused is not a disqualification. Cooper v. State, 72 Tex.Cr.R. 266, 162 S.W. 364; Collins v. State, 77 Tex.Cr.R. 156, 178 S.W. 345; Bartlett v. State, 82 Tex.Cr.R. 468, 200 S.W. 839. It should also be pointed out that no juror expressed a prejudice against appellant which would be a disqualification under Sec. 9 of the statute. We perceive no error in the court's ruling, and overrule the ground of error.

The judgment is affirmed.