**James Philmore COLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42549.**

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

Byrom, Wright, Butcher & Prager, by B. J. Butcher, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Bill Mills and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault with a firearm; the punishment, 20 years.

The State's evidence reflects that Velma Lou Hardin owned and operated a grocery store located at 1349 East Allen in the City of Fort Worth. She opened the store at approximately 6 a. m. on August 19, 1967, and while she was placing money in the cash register, the appellant entered the store, placed a gun in her face and took the money out of her hand. He then forced the complaining witness and her daughter-in-law from the store at gunpoint. It was shown by the State that appellant was arrested over a year later in Fort Worth on September 7, 1968.

Appellant's defense was alibi which the jury by their verdict rejected.

In his sole ground of error appellant contends the court erred in admitting into

evidence the snub-nosed pistol (State's Exhibit No. 1) found in his possession at the time of his arrest. He urges the admission of such exhibit was immaterial and irrelevant to any issue in the case, was of no probative value, was prejudicial and injurious to him. Such contention is based on his claim that the State failed to prove that the pistol in question was the one actually used in the alleged robbery.

Mrs. Hardin testified that the weapon appellant displayed at the time of the robbery was a black snub-nosed pistol. Upon being shown State's Exhibit No. 1, she stated it was "similar and resembles it." On cross-examination she further stated, "It just resembles it. I can't say that is it," and acknowledged she could not see the handle of the pistol at the time of the alleged offense.

Officer Sanders identified State's Exhibit No. 1 as the pistol found in appellant's possession when he was arrested on September 7, 1968. Though the introduction of the pistol was objected to, the appellant, subsequently testifying in his own behalf, admitted the pistol was in his possession at the time of his arrest, but denied the robbery.

It appears Pryor v. State, Tex.Cr.App., 449 S.W.2d 482 has only recently been decided contrary to appellant's contention. There Pryor's complaint that the gun in question was not positively identified by the complainant as a predicate to its introduction was overruled.

■ The indictment charged the offense of robbery by assault by the use of a firearm. Clearly, the weapon with which the crime was committed or alleged to have been committed is admissible in evidence. The lack of positive identification of the weapon affects its weight as evidence rather than its admissibility. Futch v. State, Tex.Cr.App., 376 S.W.2d 758; Wilson v. State, 163 Tex.Cr.R. 202, 289 S.W.2d 597; Chavira v. State, 167 Tex.Cr.R.

197, 319 S.W.2d 115; See also Flores v. State, Tex.Cr.App., 372 S.W.2d 687; Gonzales v. State, 172 Tex.Cr.R. 556, 361 S.W.2d 393; Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523. The general rule is stated in 23 Tex.Jur.2d, Sec. 389, p. 581.

■ An officer's testimony in a robbery prosecution that he found a pistol under the hood of the defendant's automobile at the time of arrest was held admissible in Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650, in support of the prosecuting witness' testimony that a pistol which was similar to the one found was used in the robbery. See also Arlington v. State, 98 Tex.Cr.R. 68, 263 S.W. 593; Silver v. State, 110 Tex.Cr.R. 512, 8 S.W.2d 144, 9 S.W.2d 358, 60 A.L.R. 290; 50 Tex.Jur.2d, Robbery, Sec. 38, p. 195.

Further, in Johnson v. State, 170 Tex.Cr.R. 349, 341 S.W.2d 170, a robbery by firearms conviction, this Court said:

"Appellant's last complaint is to the admission in evidence of a pistol, scabbard and two shells which were found in his automobile at the time of his arrest, over his objection that the exhibits were irrelevant, immaterial and prejudicial to him. While the exhibits were not shown to have been used in committing the robbery for which appellant was on trial, their admission in evidence does not call for a reversal of the conviction. In Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W.2d 829, it was held that the materiality of similar evidence was not such as its admission would constitute reversible error."

In Banks v. State, 165 Tex.Cr.R. 290, 306 S.W.2d 908, it was held that where a defendant in a robbery prosecution admitted he had a pistol in the automobile he was driving there was no error *in the State's effort* to have the prosecuting witness identify the pistol taken from defendant's companion at the time of their arrest and in the identification of the pistol by the arresting officer.

And the State calls our attention to Wilson v. State, Tex.Cr.App., 436 S.W.2d 542, wherein we said:

"In his ground of error #3, appellant insists that the court erred in admitting evidence showing the presence of a pistol on a table on which appellant was sitting when arrested in his home three days after commission of the offense, over his objection that such evidence was prejudicial and had no bearing upon any issue in the case.

"While such evidence did not tend to solve any issue in the case, it was admissible as a circumstance surrounding the arrest of appellant, who at the time was a fugitive. Williams v. State, 105 Tex. Cr.R. 22, 285 S.W. 616; Martinez v. State, 140 Tex.Cr.R. 159, 140 S.W.2d 187 [153 S.W.2d 721]."

Appellant's reliance upon Rabb v. State, 168 Tex.Cr.R. 62, 323 S.W.2d 41, involving the introduction of bloody clothing where there was no controverted issue it tended to resolve, is misplaced.

Finding no merit to appellant's contention, the judgment is affirmed.