**Frank Allen TUTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63949.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 11, 1980.

Allen C. Isbell, Houston, for appellant.

John V. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and Connie B. Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. Punishment was assessed at imprisonment for forty-five years.

In a single ground of error, the contention is that after the prosecutor read the indictment, the trial court erroneously failed to call on the appellant to enter his plea of guilty before the jury.

On January 25, 1979, the appellant and his counsel appeared in open court before the trial judge, and the indictment was read to the appellant, who stated that he pleaded guilty. The trial judge admonished him of the consequences of his plea, after which appellant affirmed his plea of guilty, which the trial judge accepted. Since no waiver

of a trial by jury had been filed, jurors were impaneled to hear evidence to enable them to assess punishment. Art. 26.14, V.A.C.C.P. The indictment was read before the jury, after which the trial judge made this statement:

"Ladies and Gentlemen of the jury, the defendant has pleaded guilty to the offense charged in the indictment. You may proceed with the argument of that plea of guilty which was made notwithstanding the Court having admonished the Defendant of his rights."

Appellant made no objection to this statement. After the evidence had been heard, the court instructed the jury in its charge that:

"To this charge [aggravated robbery] the defendant has entered his plea of guilty. He has persisted in entering his plea of guilty, notwithstanding that the Court, as required by law, has admonished him of the consequences. It plainly appearing to the Court that the defendant is mentally competent, and that he makes this plea freely and voluntarily, his plea is by the Court received."

■ Appellant asserts that his trial was "rendered null" because he did not enter a plea before the jury. Appellant's reliance on *Lumsden v. State*, 384 S.W.2d 143 (Tex. Cr.App.1964) is misplaced. In *Lumsden*, after the information was read to the jury, the defendant was asked how he pled, but made no response, nor was the plea entered for him. The trial court charged the jury that the defendant had pled "not guilty," to which the appellant timely objected, on the ground that he had not entered a plea during the trial and that none had been entered for him. This Court found that no plea was entered in the cause, and reversed. *Lumsden* does not control the present case in which the appellant had entered a plea of guilty and he made no objection when after the indictment was read to the jury, the trial judge stated that appellant had entered a plea of guilty. The record in the instant case does not reveal that any objection was made to the charge which recited the appellant had pled guilty. Even on a plea of not guilty this Court has held that the failure to object to the charge which recited that the appellant had pled not guilty waived the right of the appellant to plead not guilty before the jury; it was said the court entered the plea for the defendant in his charge by stating the appellant pled not guilty. See *Seale v. State*, 158 Tex. Cr.A. 440, 256 S.W.2d 86 (1953).

Appellant points to no other authority than *Lumsden* to support his contention that the trial judge's actions erroneously deprived him of a right to personally enter his guilty plea before the jury. The statutes governing proper procedure on a plea of guilty reveal no such right.

Art. 26.13, V.A.C.C.P. provides:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of the punishment attached to the offense;

"(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. . .

"(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

■ The proper time to admonish a defendant is when he is arraigned, and prior to impaneling the jury to assess his punishment. *Palacios v. State*, 556 S.W.2d 349

**820**

(Tex.Cr.App.1977); *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr.App.1968). The appellant was fully admonished by the trial court at the appropriate time in this case.

Art. 26.14, V.A.C.C.P., sets out the procedure when a jury is to assess the punishment:

> "Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a *jury shall be impaneled to assess the punishment* and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."

The language clearly contemplates a defendant who "persists in pleading guilty" *prior* to the impaneling of the jury. Art. 27.13, V.A.C.C.P. does not suggest otherwise:

> "A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14, and 27.-02. If the plea is before the judge alone, same may be made in the same manner as is provided by Articles 1.13 and 1.15."

Art. 36.01, V.A.C.C.P., establishes the procedure to be followed at trial:

> "A jury being impaneled in any criminal action, the cause shall proceed in the following order:
>
> "1. The indictment or information shall be read to the jury by the attorney prosecuting. . . .
>
> "2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of *not* guilty is also relied upon, it shall also be stated.
>
> " *   *   * "

A guilty plea is not a "special plea;" Art. 27.05, V.A.C.C.P. provides that "special pleas" are limited to pleas of former jeopardy. There is thus no requirement in this provision that the *defendant* must or may state or reaffirm his *plea of guilty* before the jury.

We conclude that the provisions discussed above do not give a defendant the right personally to plead or reaffirm a plea of guilty before a jury impaneled to determine his punishment, once his guilty plea has been accepted by the trial court.

The judgment is affirmed.

ONION, Presiding Judge, concurring.

The contention is that the trial judge erroneously failed to call on the appellant to enter his guilty plea before the jury. Under the circumstances of this particular case, certainly no reversible error is shown. Regardless of how the statutes may be interpreted, I would not, however, reach out and commend a procedure that would deprive a defendant of the right to enter his guilty plea before the jury. It has been traditional for the defendant to enter his plea before the jury after the indictment has been read to the jury by the prosecutor. It is far better practice. I can't believe that the trial judge in the instant case intentionally failed to call on the appellant for his plea. This case should not be used as a vehicle for promoting one procedure for a defendant to enter his plea before the jury after the indictment is read when that plea is guilty or nolo contendere and another procedure when the plea is not guilty. Uniformity should prevail.