COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-337-CR

 

 

DONALD LOUIS BOSLEY                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

                                                    

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his plea of guilty, a jury convicted
Appellant Donald Louis Bosley of indecency with a child by contact and assessed
his punishment at eighteen years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  Appellant brings three
points, challenging the trial procedure and alleging possible prosecutorial
misconduct.  Because we hold that the
trial court did not err, we affirm the trial court=s
judgment.

Appellant was indicted for indecency with a
child.  On July 10, 2003, Appellant filed
a waiver of arraignment and entered a plea of not guilty.  At a pretrial hearing on April 1, 2004,
Appellant advised the trial court that he intended to waive a jury trial and
plead guilty before the court so that he could request the court to place him
on deferred adjudication.  The State
advised the court and Appellant that it did not intend to waive its right to a
jury trial.  At a later pretrial hearing
on April 8, 2004, Appellant would not advise the court whether he planned on
pleading guilty or not guilty.

The case was called to trial on April 20,
2004.  The jury was empaneled, the
indictment was read, and Appellant pled guilty. 
Appellant had filed an election to have the jury assess punishment.  The trial court announced to the jury that
the trial was to be a unitary proceeding, and Appellant objected, asserting
that he was entitled to a bifurcated trial.








During the trial, the State asked Appellant=s
counsel several times if she wanted the court to admonish Appellant and
determine if his plea was voluntary and if he was competent.  Appellant=s trial
counsel refused to allow Appellant to take the stand, claiming that Appellant=s taking
the stand would be equivalent to the State waiving its right to a jury trial
and that Appellant could then elect to have the court assess punishment.

Appellant also asserts that the State made
improper remarks and lodged personal attacks on his trial counsel during the
trial.  After both sides had rested,
Appellant again objected that he was entitled to a bifurcated trial. 

The jury charge, in part, instructed the jury
that, because Appellant had pled guilty, the jury was to find him guilty.  Appellant objected to the jury charge,
arguing that, because the State had refused to allow Appellant to waive the
jury trial, the trial court could not instruct the jury to find him guilty. The
trial court overruled the objection. 
After the trial court pronounced his sentence, Appellant timely
appealed.








In his first point, Appellant argues that the State
failed to present evidence to the jury to prove that Appellant=s plea
of guilty was freely and voluntarily made and that Appellant was mentally
competent to enter his guilty plea.  The
trial court, not the State, admonishes the defendant about the consequences of
his plea of guilty.[2]  The admonishments occur outside the presence
of the jury.[3]  There is no requirement that a defendant in a
criminal case enter his plea of guilty before the jury.[4]  It is the trial court, not the jury, that
accepts a defendant=s plea of guilty.[5]  The jury is not required to determine whether
the plea is freely and voluntarily entered or whether a defendant is mentally
competent to stand trial; the trial court is.[6]  Consequently, there is no requirement that
any evidence of these matters be presented to the jury.  We overrule Appellant=s first
point.








In his second point, Appellant argues that he was
denied his Sixth Amendment right to require the State to prove to a jury all
facts legally essential to find him guilty and thereafter assess his punishment
when the trial court instructed the jury to find the defendant guilty and
proceed to determine punishment.  A
guilty plea in a jury trial admits the existence of all incriminating facts
necessary to establish the guilt of the defendant.[7]  There is, therefore, no issue in controversy
regarding guilt,[8]
and an instructed verdict on guilt is a proper verdict.[9]  The only issue before the jury is punishment.[10]  After a guilty plea has been entered in a
jury trial, a unitary procedure, not a bifurcated procedure, is to be used.[11]  We overrule Appellant=s second
point.

In his third point, Appellant argues that the
State engaged in two instances of prosecutorial misconduct by making personal
attacks on Appellant=s counsel.  In one instance, Appellant did not obtain a
ruling.  In the other, Appellant did not
object.  Appellant has therefore failed
to preserve this complaint for our review.[12]  We overrule Appellant=s third
point.

 

 

 

 

 








Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 9, 2006











[1]See Tex. R. App. P.
47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2005).





[3]Palacios v. State, 556 S.W.2d 349, 351-52 (Tex. Crim. App. 1977).





[4]Tutor v. State,
599 S.W.2d 818, 820 (Tex. Crim. App. 1980).





[5]See Tex. Code Crim. Proc. Ann. art. 26.13.





[6]See id. art.
26.13(b).





[7]Ricondo v. State, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh=g).





[8]See Fairfield v. State, 610 S.W.2d 771, 776-77 (Tex. Crim. App. 1981).





[9]Holland v. State, 761 S.W.2d 307, 312 (Tex. Crim. App. 1988), cert. denied, 489
U.S. 1091 (1989).





[10]Ricondo, 634
S.W.2d at 841; Fairfield, 610 S.W.2d at 777; see Tex. Code Crim. Proc. Ann. art. 26.14
(Vernon Supp. 2005); Holland, 761 S.W.2d at 312.





[11]Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972); see Tex. Code Crim. Proc. Ann. arts. 26.14,
27.13 (Vernon 1989 & Supp. 2005).





[12]See Tex. R. App. P. 33.1(a); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).