Donald Louis Bosley v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-337-CR

DONALD LOUIS BOSLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of guilty, a jury convicted Appellant Donald Louis Bosley of indecency with a child by contact and assessed his punishment at eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings three points, challenging the trial procedure and alleging possible prosecutorial misconduct.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant was indicted for indecency with a child.  On July 10, 2003, Appellant filed a waiver of arraignment and entered a plea of not guilty.  At a pretrial hearing on April 1, 2004, Appellant advised the trial court that he intended to waive a jury trial and plead guilty before the court so that he could request the court to place him on deferred adjudication.  The State advised the court and Appellant that it did not intend to waive its right to a jury trial.  At a later pretrial hearing on April 8, 2004, Appellant would not advise the court whether he planned on pleading guilty or not guilty.

The case was called to trial on April 20, 2004.  The jury was empaneled, the indictment was read, and Appellant pled guilty.  Appellant had filed an election to have the jury assess punishment.  The trial court announced to the jury that the trial was to be a unitary proceeding, and Appellant objected, asserting that he was entitled to a bifurcated trial.

During the trial, the State asked Appellant’s counsel several times if she wanted the court to admonish Appellant and determine if his plea was voluntary and if he was competent.  Appellant’s trial counsel refused to allow Appellant to take the stand, claiming that Appellant’s taking the stand would be equivalent to the State waiving its right to a jury trial and that Appellant could then elect to have the court assess punishment.

Appellant also asserts that the State made improper remarks and lodged personal attacks on his trial counsel during the trial. 
 After both sides had rested, Appellant again objected that he was entitled to a bifurcated trial. 

The jury charge, in part, instructed the jury that, because Appellant had pled guilty, the jury was to find him guilty.  Appellant objected to the jury charge, arguing that, because the State had refused to allow Appellant to waive the jury trial, the trial court could not instruct the jury to find him guilty.
 The trial court overruled the objection.  After the trial court pronounced his sentence, Appellant timely appealed.

In his first point, Appellant argues that the State failed to present evidence to the jury to prove that Appellant’s plea of guilty was freely and voluntarily made and that Appellant was mentally competent to enter his guilty plea.  The trial court, not the State, admonishes the defendant about the consequences of his plea of guilty.
(footnote: 2)  The admonishments occur outside the presence of the jury.
(footnote: 3)  There is no requirement that a defendant in a criminal case enter his plea of guilty before the jury.
(footnote: 4)  It is the trial court, not the jury, that accepts a defendant’s plea of guilty.
(footnote: 5)  The jury is not required to determine whether the plea is freely and voluntarily entered or whether a defendant is mentally competent to stand trial; the trial court is.
(footnote: 6)  Consequently, there is no requirement that any evidence of these matters be presented to the jury.  We overrule Appellant’s first point.

In his second point, Appellant argues that he was denied his Sixth Amendment right to require the State to prove to a jury all facts legally essential to find him guilty and thereafter assess his punishment when the trial court instructed the jury to find the defendant guilty and proceed to determine punishment.  A guilty plea in a jury trial admits the existence of all incriminating facts necessary to establish the guilt of the defendant.
(footnote: 7)  There is, therefore, no issue in controversy regarding guilt,
(footnote: 8) and an instructed verdict on guilt is a proper verdict.
(footnote: 9)  The only issue before the jury is punishment.
(footnote: 10)  After a guilty plea has been entered in a jury trial, a unitary procedure, not a bifurcated procedure, is to be used.
(footnote: 11)  We overrule Appellant’s second point.

In his third point, Appellant argues that the State engaged in two instances of prosecutorial misconduct by making personal attacks on Appellant’s counsel.  In one instance, Appellant did not obtain a ruling.  In the other, Appellant did not object.  Appellant has therefore failed to preserve this complaint for our review.
(footnote: 12)  We overrule Appellant’s third point.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2005).

3:
Palacios v. State
, 556 S.W.2d 349, 351-52 (Tex. Crim. App. 1977).

4:
Tutor v. State
, 599 S.W.2d 818, 820 (Tex. Crim. App. 1980).

5:
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13.

6:
See id.
 art. 26.13(b).

7:
Ricondo v. State
, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh’g).

8:
See Fairfield v. State
, 610 S.W.2d 771, 776-77 (Tex. Crim. App. 1981).

9:
Holland v. State
, 761 S.W.2d 307, 312 (Tex. Crim. App. 1988), 
cert. denied
,
 
489 U.S. 1091 (1989).

10:
Ricondo
, 634 S.W.2d at 841; 
Fairfield
, 610 S.W.2d at 777; 
see 
Tex. Code Crim. Proc. Ann.
 art. 26.14 (Vernon Supp. 2005);
 Holland
, 761 S.W.2d at 312.

11:
Basaldua v. State
, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972); 
see
 
Tex. Code Crim. Proc. Ann.
 arts. 26.14, 27.13 (Vernon 1989 & Supp. 2005).

12:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).