**Elijah BRADFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59671.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. After finding appellant guilty, the jury assessed punishment at 12 years.

Appellant was convicted of having killed Freddie Lee in Temple on September 3, 1977. Appellant testified that he shot Lee in self–defense.

In his sole ground of error, appellant contends that the trial court erred in overruling his objection to the admissibility of two items of clothing worn by the deceased at the time of the offense. Such clothing consisted of a shirt and a pair of trousers which were bloodstained. Appellant main-

tains that the clothing "did not tend to solve some disputed issue in the case" and was admitted solely to inflame the jury.

Appellant relies on *Hunter v. State*, Tex. Cr.App., 275 S.W.2d 803. In that case, the defendant was convicted of assault with intent to murder. It was shown that the defendant beat the victim with his fists. The Court concluded that the trial court erred in admitting the victim's bloody clothing in that such evidence merely showed the amount of blood which had been lost by the victim as a result of the injuries inflicted. With regard to the admissibility of bloody clothing, the Court in *Hunter* stated:

"The general rule, long in force in this state, is that bloody clothing worn by the deceased in a homicide case, or by the injured party in an assault case, is not admissible. The admissibility of such clothing depends upon some exception to that rule. Among these exceptions is that the bloody clothing is admissible if such tends to solve some disputed issue in the case."

See *Marion v. State*, Tex.Cr.App., 387 S.W.2d 56; *Washburn v. State*, Tex.Cr. App., 318 S.W.2d 627 (dissenting opinion).

In *Brown v. State*, Tex.Cr.App., 475 S.W.2d 938, the defendant complained of the admission into evidence of bloodstained clothing he was allegedly wearing at the time of the murder. The State in *Brown* relied on circumstantial evidence and the defendant presented an alibi defense. The Court found no error in admitting the bloody clothing and stated as follows:

"The general rule governing the admissibility of bloody clothing as set forth in 4 Branch's Ann.P.C., 2d ed. Sec. 2029, p. 340, states:

" 'It is permissible to introduce bloody clothing in evidence only when the introduction serves to illustrate some point or solve some question, or serves to throw light upon the matter connected with the proper solution of the case, and under no other circumstances; but whenever the introduction of such clothing would, in the light of the whole case, aid the jury in arriving at

the very truth of the matter, the court should not hesitate to admit its production and exhibition.'

"While the general rule is in favor of exclusion, the exception which allows the introduction of bloody clothing may be based upon any ground of relevancy...."

In *Knox v. State*, Tex.Cr.App., 487 S.W.2d 322, no error was found in admitting into evidence a bloody nightgown in a rape prosecution. The court cited *Brown v. State*, supra, and concluded that the nightgown was relevant to the contested issue of consent. *Knox v. State*, supra at 326. In *Williams v. State*, Tex.Cr.App., 502 S.W.2d 130, it was held that bloody clothing was admissible in a murder prosecution based on circumstantial evidence in order to establish the blood type of the deceased.

In *Harrison v. State*, Tex.Cr.App., 501 S.W.2d 668, the defendant stipulated that certain clothing was worn by the deceased at the time of her death. The trial court admitted the bloodstained clothing into evidence. This Court found no error in admitting the clothing and stated as follows:

"By the device of stipulations, the appellant could not deprive the State of the duty and the function of presenting to the jury all relevant evidence, nor avoid facing the full facts of the crime....

"We have held in approving the admissibility of photographs that if a verbal description is relevant, then a photograph of the same may be used before the jury....

"It could not be argued that it was not relevant for witnesses to recount the discovery of the body and the bloody clothing in the vicinity and to fully describe the same. By the same reasoning as was used to approve the use of photographs, the clothing itself would be relevant and admissible. Such clothing would aid the jury to know the whole facts of the case, and it was entitled to no less." *Harrison v. State*, supra at 669.

In *Garcia v. State*, Tex.Cr.App., 537 S.W.2d 930, it was found that a bloody sheet used to gag a jailer during the defendant's escape from jail was properly admitted into evidence. The Court stated that since the sheet could be described at trial, the fact that it had blood on it would not require its exclusion from evidence. *Garcia v. State*, supra at 935. Likewise, in *Short v. State*, Tex.Cr.App., 511 S.W.2d 288, it was held that if bloody clothing has relevancy such that a verbal description thereof would be admissible, the clothing itself is admissible into evidence.

In *Earvin v. State*, Tex.Cr.App., 582 S.W.2d 794, the defendant was convicted of capital murder. The evidence revealed that the defendant approached the deceased and shot him in the chest as the deceased reached into his back pocket. This Court found no error in admitting the deceased's bloody clothing into evidence in that the clothing would demonstrate to the jury the angle of the shot, closeness of the gun to the body when the shot was fired and the relative position of the parties at the time of the encounter.

This Court has held that testimony concerning the scene of a murder, including a description of the body is admissible to throw light on the transaction and reveal its general nature. *Campbell v. State*, Tex. Cr.App., 525 S.W.2d 4; *Bell v. State*, Tex. Cr.App., 442 S.W.2d 716. In *Martin v. State*, Tex.Cr.App., 475 S.W.2d 265, it was held that if a verbal description of the body and scene are admissible, a photograph depicting the same is admissible.

We hold that if a verbal description of the body and scene are admissible, the clothing worn by the victim of the offense, even if bloodstained, is admissible into evidence.[1] As hereinbefore noted, a number of recent cases are consistent with this holding. However, none of these cases have expressly overruled earlier decisions holding that it is necessary for bloody cloth-

---

1. Such clothing would not be admissible if it is offered solely to inflame the minds of the jury.

See *Martin v. State*, supra.

ing to solve some disputed issue before it is admissible. We now hold that all cases inconsistent with this opinion are overruled.

■ We find a description of the victim's body and clothing at the scene of the offense were admissible to throw light on the transaction and reveal its general nature. Such a verbal description being admissible, the clothing worn by the deceased was likewise admissible into evidence. No error is shown in the trial court overruling appellant's objection to the admission of the victim's shirt and trousers.

The judgment is affirmed.