**Leroy GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0482–CR.**

Court of Appeals of Texas, Houston (1 Dist.).

April 8, 1982.

Casey O'Brien, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before DYESS, SMITH and BASS, JJ.

DYESS, Justice.

The appellant was convicted of aggravated assault and sentenced to 6 years confinement in the Texas Department of Corrections.

A brief statement of the pertinent facts follows.

The complainant, Lionel Ingraham, is a nine year old boy. On the day of the shooting, he was walking home from school in the early afternoon when he was caught in the cross-fire between the appellant and "Donnie", a friend of the complainant's family. Donnie had ceased firing before the complainant was struck, but the appellant continued firing a shotgun loaded with buckshot. The appellant and his sister were sitting side by side while the appellant was shooting, and each denied ever seeing the complainant in the area of firing. During the appellant's firing, the complainant was struck by buckshot in his head, arms, and chest. Some of the buckshot were never removed by the surgeons because they were imbedded in the skin.

The appellant is before this court with two grounds of error asserted. By his ground of error one he complains that the indictment is fundamentally defective because it fails to specifically allege the reckless act for which the appellant was charged. In essence, the appellant claims that the indictment merely states that he acted recklessly, without stating how he acted or giving a definition of "reckless". In support of his argument the appellant cites Tex. Penal Code Ann. § 6.03 (Vernon 1974) and Tex. Code Crim. Pro. Ann. art. 21.15 (Vernon 1974).

■ Article 21.15 requires that when a defendant is charged with acting recklessly, as was the appellant, the indictment must allege with reasonable certainty the act relied upon to constitute recklessness, and that, in no event, shall the State merely allege that the accused acted recklessly. § 6.03 contains a definition of "reckless", describing that state as existing when one is aware of, but consciously disregards, a substantial and unjustifiable risk that a result will occur.

■ The indictment in the instant case states that the appellant did,

recklessly cause bodily injury to Lionell (sic) Ingraham with the use of a deadly weapon by firing a shotgun in the area where Lionell (sic) Ingraham was located without taking any precautions to insure that no one was present who would be struck by the shotgun blast.

We view the appellant's complaint as the same made in *Townsley v. State*, 538 S.W.2d 411 (Tex. Cr. App. 1976). The *Townsley* indictment charged that the appellant,

did then and there recklessly cause the death of Luther Eugene Stark by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and rollover thereby fatally injuring the said Luther Eugene Stark, who was a passenger in said vehicle. *Id.*

The court in *Townsley* found the above indictment more than adequate to describe the acts upon which the State was relying. It also held that as long as the act is alleged with reasonable certainty so that the accused will know the nature of the reckless act of which he is charged, the State is not required to plead the act specifically in terms of the § 6.03 definition of reckless.

In our opinion the present indictment is sufficient because it alleges the act relied upon by the State to constitute recklessness. The appellant will not be heard to say that he was not informed that the particular reckless act was the firing of a weapon in the area of the complainant without taking the precaution of determining whether anyone was present in the danger zone. As we view the indictment in the case at bar, it placed the defense on notice that the theory of recklessness upon which the State intended to rely was that the appellant was aware of, and consciously disregarded, the substantial and unjustifiable risk that someone might be present in the line of fire area and be injured by his firing of the shotgun. We overrule the appellant's ground of error one.

By his ground of error two the appellant asserts that the trial court committed reversible error when it allowed the jury to touch and feel the complainant's wounds. The only objection made by the appellant's counsel, at the time of the State's offer, was hardly an objection at all as the appellant's counsel simply stated:

"I think it can be described, your Honor."

However, for the purpose of the complete review sought by the appellant, we hold that it was not error for the court to permit the jurors to touch and to feel the complainant's wounds. Despite the contentions of the appellant that this touching and feeling by the jurors created undue prejudice and was cumulative, we hold to the contrary.

As to the contention of undue prejudice, there is no suggestion in the record that there were bad scars on the complainant's head or that the imbedded buckshot were visible to the jurors. It has been held that a verbal description of an assault is admissible and that an exhibition of the scars resulting therefrom is admissible. *Lydia v. State,* 486 S.W.2d 791 (Tex. Cr. App. 1972). While the appellant cites *Rabb v. State,* 168 Tex.Cr.R. 62, 323 S.W.2d 41 (1959) in support of his ground of error two, it is our view that, to the extent that the *Rabb* opinion implied that it is necessary for a fact issue to be present before bloody clothing can be introduced, it was overruled by *Bradford v. State,* 608 S.W.2d 918 (Tex. Cr. App. 1980). The *Bradford* court was confronted with a trial development in which bloody clothing was introduced after uncontradicted testimony regarding the details of the shooting and the victim's body. The court's conclusion was that clothing is admissible whenever a verbal description of the victim's body and clothing is admissible, i.e., when it throws light on the transaction.

In the instant case, the jurors' touching and feeling of the complainant's wound were not unduly prejudicial.

It is our further view that the evidence brought in by the juror's touching and feeling of the complainant's wounds or scars was not cumulative for several reasons. For instance, the State did not offer a medical report, no doctor testified, and there were no photographs of the complainant's injuries.

We affirm the judgment of the trial court.

Judgment rendered and opinion filed April 8, 1982.