**Gary Duanne PARSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00243–CR.**

Court of Appeals of Texas, Dallas.

May 26, 1983.

James Belt, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., for appellee.

Before VANCE, ALLEN and MALONEY, JJ.

ALLEN, Justice.

Gary Duanne Parson appeals his conviction for the offense of burglary of a habitation, enhanced by one prior conviction. The jury assessed his punishment at life imprisonment. Appellant urges that this cause be reversed because the trial court overruled his objection to an inflammatory argument of the prosecutor in which the prosecutor asked the jury to consider possible juvenile records of appellant that were not in evidence. We agree with appellant and reverse the cause for a new trial.

The pertinent portion of the prosecutor's argument addressed by appellant's grounds of error one and two is as follows:

"Why should you give this man life—a life sentence, that is, in the Texas Department of Corrections? Well, you know, when Officer McCutchan—when Investigator McCutchan testified in both the guilt and punishment phase of the trial, that should be very significant to you. He testified in the guilt phase of this trial that he had known this twenty year old man for six years. That would mean back when he was fourteen years old this man started coming in contact with the criminal justice system.

I'll submit to you that it's a reasonable deduction from the evidence that an investigator that investigates burglaries and who has known this man since he was fourteen, and who says that he has a bad reputation in the community—

MR. BELT: Your Honor, at this time we would object to any injection of juvenile offenses or indications of any at that time.

THE COURT: Overrule your objection.

MR. PHILLIPS: You use your common sense. This man has known him since he was fourteen.

Now, what the State was allowed to bring to you was evidence of prior criminal convictions that the Defendant has as an adult and that is what we brought to you. Now, that is what we're allowed to bring to you, just criminal convictions as an adult. He has known him since he was fourteen."

An argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *Stringer v. State,* 632 S.W.2d 340, 343–44 (Tex.Cr. App.1982). *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr.App.1981) (On Rehearing); *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr. App.1980). We find that the prosecutor's argument in the instant case violates this rule.

The prosecutor injected new facts that were harmful to appellant into the case when he stated in argument: "That would mean back when he was fourteen years old this man (referring to appellant) started coming into contact with the criminal justice system." The prosecutor then proceeded to imply that Officer McCutchan must have known appellant since he was fourteen years old due to the officer being a burglary investigator. The record is silent as to how Officer McCutchan first met appellant.

Appellant made a timely and specific objection to the improper argument of the prosecutor which was overruled by the trial court. The argument of the prosecutor strongly implied to the jury that appellant had been involved in criminal proceedings as a juvenile and emphasized that the prosecution could only show in evidence final convictions of the accused as an adult. Tex. Code Crim.Proc.Ann. art. 37.07, § 3(a) (Vernon 1981) does not permit the introduction into evidence of juvenile court proceedings against a defendant at the penalty phase of the trial.

The question as to whether the prosecutor's improper argument necessitates a reversal of the judgment is to be resolved on the basis of the probable effect it had on the minds of the jurors. *Hodge v. State,* 488 S.W.2d 779, 781–82 (Tex.Cr.App.1972). The appellant's objection to the argument was overruled by the trial court, thereby conveying to the jury the impression that the argument was proper for their consideration. Without question, the argument implied that appellant had been a burglar from age fourteen. When we consider the age of appellant and the fact that the punishment assessed was life imprisonment, we cannot say the erroneous argument was harmless.

> Our Bill of Rights, Art. I, § 10, Texas Constitution, guarantees to every person a fair and impartial trial. This guarantee is one of the fundamentals upon which rests the perpetuity of our government. It is the duty of the courts to preserve and maintain that right, and this regardless of how heinous or revolting the crime committed may be.

> \* \* \* \* \* \*

> If there exists in the mind of this court any doubt as to the fairness or impartiality of the trial, it becomes our duty to award a new trial.

*Williams v. State,* 145 Tex.Cr.R. 536, 170 S.W.2d 482, 489 (Tex.Cr.App.1943). We find that the argument of the prosecutor was manifestly improper, injected new facts into the case, by its inference violated

article 37.07 § 3(a), and denied appellant a fair trial.

The judgment is reversed and the cause remanded.