Ricky Alfonso **CLEMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–83–688CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1984.

Discretionary Review Refused Oct. 24, 1984.

Gerson Bloom, Galveston, for appellant.

Miguel Martinez, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Ricky Alfonso Clemons was convicted by a jury of aggravated robbery. His punishment was set at life imprisonment and a $10,000.00 fine. In four grounds of error appellant now contends that the trial court erroneously admitted several objects and statements into evidence, and that the state's attorney made several impermissi-

ble jury arguments. We find no reversible error and accordingly affirm the judgment of the trial court.

■ Appellant gave his eleven-year-old brother a loaded gun and told him to rob a liquor store, while appellant waited for him across the street. During the course of the robbery, the store owner was shot. Appellant's brother ran across the street and gave the gun back to appellant who thereafter disposed of it. Appellant was then indicted for the instant offense. During the trial, the court admitted the victim's bloody t-shirt into evidence and permitted the victim to exhibit his scars to the jury. Appellant urges that such evidence was improper because the fact that a shooting had occurred was not at issue. We disagree. The admissibility of such visual descriptive evidence is no longer dependent on resolving a disputed fact issue. *Bradford v. State*, 608 S.W.2d 918 (Tex.Crim. App.1980); *Green v. State*, 638 S.W.2d 51, 53 (Tex.App.—Houston [1st Dist.] 1982, no pet.). In fact, if a verbal description of the offense is admissible, then the clothing and exhibition of the scars are likewise admissible. *Bradford* at 920; *Green* at 53. Such descriptions are admissible when they throw light on the transaction. *Bradford* at 920; *Green* at 53. The t-shirt and scars clearly give descriptive insight into the nature of the robbery and appellant's first ground of error is thus overruled.

The trial court granted appellant's pretrial motion in limine prohibiting the State from referring to appellant's acts as a juvenile until the trial court specifically ruled on their admissibility. However, during the punishment phase of the trial, the State's attorney questioned witnesses and argued to the jury in a manner which appellant contends improperly alluded to his juvenile record. Appellant does not now contest the court's rulings on the individual questions and arguments. Instead, he argues that the questions violated the motion in limine, and that the references to appellant's juvenile acts forced appellant to repeatedly object to those questions. He thus contends that the trial court should

have granted his motion for mistrial on these grounds.

■ A motion in limine does not alone preserve error; appellant must object on the proper grounds when the evidence is actually offered during the trial. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App. 1979). Mere objections that the questions asked are violative of the motion in limine is not sufficient to preserve error. The objection must be specifically levelled at the offending questions and the reasons given therefor. *Armitage v. State*, 637 S.W.2d 936, 938 (Tex.Crim.App.1982).

We are not convinced that the questions and arguments in fact referred or alluded to appellant's juvenile record. The State's attorney questioned a sheriff and a probation officer as to how long they had known appellant; however, this was in a line of questioning inquiring into their knowledge of appellant's reputation. The length of their acquaintance with appellant was thus relevant to this point. The prosecutor asked a friend of appellant's whether she was aware of appellant's "past problems." This reference to "problems", however, does not necessarily indicate that they were criminal in nature. He also asked appellant how many times he had said "it won't happen again," whether he had any adult felony convictions, and how old he was when he committed this offense. Since appellant was eighteen years old when the trial took place, these questions could be construed to refer to a juvenile record; however, they could also be construed to characterize appellant's general reputation as to truthfulness. While we do not approve of this type of potentially suggestive examination, we do not find that it presents a case where the questions were clearly calculated to inflame the jurors' minds. *See generally Brem v. State*, 571 S.W.2d 314, 322 (Tex.Crim.App.1978).

■ The State's attorney's argument during the punishment phase is of a similar nature. He stated that he was "limited to what he could bring the jurors" and that he could only bring them appellant's adult criminal record along with reputation wit-

nesses. This statement, standing alone, did not indicate that appellant indeed had a juvenile record. Appellant argues, however, that this, together with the State's attorney's voir dire remark that juvenile records are not admissible in a trial, necessarily would lead to the clear implication that appellant had a juvenile record. Whether such argument, cumulatively or individually, necessitates a reversal hinges on the probable effect it had on the minds of the jurors. *Parson v. State*, 652 S.W.2d 616, 618 (Tex.App.—Dallas 1983, no pet.). While the cumulative effect of the State's argument edged closely to the boundary line of reversible error, we conclude the argument itself did not cross over. The *closing argument did not make reference to juvenile acts*, and we cannot assume that the jury made a connection to the earlier statement in voir dire or to earlier direct examination. We also note that appellant made no objection to any of these arguments, and although appellant made a motion for mistrial, such motion was made *before* the State's argument on punishment. Unless the argument is so prejudicial that no instruction could cure the harm, the failure to object waives any error. *Plunkett v. State*, 580 S.W.2d 815, 823 (Tex.Crim.App.1978).

■ In summary, while the questions and arguments presented by the State's attorney approached the line of impermissibility, we conclude that they did not specifically inject appellant's juvenile record into the trial proceedings, nor did they result in obvious fundamental harm to the appellant. *See Parson* at 617; *Brem* at 322. Accordingly, these grounds of error are overruled.

■ Finally, appellant now complains, but made no objection at trial, to the prosecutor's argument that the jury should "use their common sense." He argues that this invited the jury to disregard the charge of the court, and therefore constituted reversible error. We find to the contrary: Common sense is a necessary quality for jury service. The application of common sense is not totally inconsistent with the consideration of a criminal jury charge. A differ-

ent question might be raised if the jury were asked to utilize their common sense and to ignore the jury charge. In any event, unless a jury argument is so inflammatory that the prejudicial effect could not have been cured by an instruction to disregard, a failure to request such an instruction waives any error. *Parr v. State*, 606 S.W.2d 928, 931 (Tex.Crim.App.1980). Furthermore, the State's argument fully examined the charge, and the single statement regarding "common sense" could not realistically suggest that the jury do otherwise.

The judgment of the trial court is affirmed.