Edwin Jerome LOCKETT, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–567–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1987.
Discretionary Review Refused
March 30, 1988.

Roger Bridgwater, Houston, for appellant.

John B. Holmes, Jr., Eleanor McCarthy, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of aggravated assault. The jury found that a deadly weapon was used in commission of the offense and assessed Appellant's punishment at ten years confinement in the Texas Department of Corrections and a $2,500.00 fine. This court granted Appellant's Motion for Rehearing in this cause and withdrew its original opinion issued April 2, 1987. Upon further consideration of Appellant's points of error, we reverse the judgment and remand to the trial court for a new trial on punishment only.

Appellant asserts two points of error on appeal. In his first point of error, Appellant maintains that the trial court erred in denying his Motion for Mistrial when the prosecutor asked Appellant during the punishment phase, "Isn't it a fact that you burglarized another home while you were on bond for this case?" Appellant denied the accusation, his attorney objected to the question, and the court sustained the objection and instructed the jury to disregard. The court denied Appellant's Motion for Mistrial. Appellant was subsequently sentenced to the maximum term of confinement, ten years, and a $2,500.00 fine.

The record shows that Appellant filed a pre-trial Motion in Limine requiring the State to refrain from mentioning any prior conviction or extraneous offense of Appellant without first conducting a hearing outside the jury's presence to determine its admissibility. The motion was granted by the trial court and the prosecutor agreed to comply with its terms.

A violation of a motion in limine, standing alone, will not preserve error. The defendant must also object on the proper grounds when the evidence is offered at trial. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App.1979); *Clemons v. State*, 681 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Generally, the objection must specifically identify the basis upon which the evidence is objectionable. *Clemons v. State*, 681 S.W. 2d at 645. However, an exception exists where the ground for exclusion of the question is obvious to the trial court. *Blacklock v. State*, 681 S.W.2d 155, 156 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The State contends the objection was general; however, the record shows that the trial judge was fully aware of the basis for Appellant's objection and it was properly sustained.

It is a fundamental rule of law that an accused should be tried for the offense with which he is charged and none other. *Smith v. State*, 646 S.W.2d 452, 455 (Tex. Crim.App.1983); *Funderburk v. State*, 659 S.W.2d 122, 123 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Further, an accused should not be assessed punishment for collateral crimes or for being a criminal generally. He is entitled to be punished based upon the accusations in the indictment of which he has been found guilty. *Lomas v. State*, 707 S.W.2d 566, 568 (Tex.Crim.App. 1986). The question posed by the prosecutor was clearly an attempt to wrongfully present evidence of an extraneous offense and it served no legitimate purpose other than to inflame and prejudice the jurors' minds.

Error in asking an improper question of the defendant as a witness may be cured or rendered harmless by an instruction to disregard unless the question is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. *Guzmon v. State*, 697 S.W.2d 404, 408 (Tex.Crim.App.1985), *cert. denied*, 475 U.S.

1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); *Franklin v. State,* 693 S.W.2d 420, 428 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). The harm is especially great where, as here, the improper question is phrased as an assertion of fact. *Blacklock v. State,* 681 S.W.2d at 157. The jury assessed the maximum term in prison although Appellant was only nineteen years old and had no prior felony convictions. We cannot say that the trial court's instruction to disregard was sufficient to cure the harm. *See Johnson v. State,* 633 S.W.2d 888, 892 (Tex.Crim.App.1982). Such prosecutorial misconduct requires reversal and accordingly we sustain point of error one.

■ Appellant also asserts error in the prosecutor's jury argument both at the guilt-innocence and punishment stages of the trial. He maintains that it was error for the prosecutor to argue that Appellant was "casing the house next door" prior to the commission of the stabbing offense. However, our review of the record shows that this argument was invited by the prior argument of the defense counsel.

Defense counsel argued that it was not the defendant that the neighbor had seen in her yard and stated:

> Why was Edwin Jerome Lockett in this area? If you are going to buy the State's case, he is either over there to kill Mr. McKnight or he is just throwing rocks through people's backyards while standing in the back of a business that's opened, that has people in the yard, working. Well, that doesn't make any sense, and if the position is: Well, he was going to see if anybody was home, or if the inference was to see if anybody was home and then burglarize the house, where is he going to take it? He is surrounded by houses on both sides. He is in the back of a business. He can't throw stuff out of the house, if the business is in the backyard, and then take it away. Is it reasonable?

If an argument is invited, it is not improper and does not constitute error. *Jones v. State,* 582 S.W.2d 129, 135 (Tex.Crim.App. 1979); *Gillis v. State,* 694 S.W.2d 245, 251

(Tex.Crim.App.—Fort Worth 1985, pet. ref'd). Further, the argument objected to was a reasonable deduction from the evidence presented at trial. As such, it was not an improper jury argument. *Adams v. State,* 685 S.W.2d 661, 670 (Tex.Crim.App. 1985).

■ The other area of the State's jury argument to which Appellant objects consists of assertions that Appellant told someone about the stabbing and that unknown person told crimestoppers. We find from our review of the record that there was no evidence in the record to support these assertions and this argument does not fall within any of the permissible areas of jury argument. However, we do not find that the argument was so injurious that the court's instruction to disregard was inadequate to render the error harmless. Improper jury argument requires reversal only where, in light of the record as a whole, the language complained of is extreme or manifestly improper or injects new and harmful facts into the case. *McKay v. State,* 707 S.W.2d 23, 36 (Tex. Crim.App.1986), *cert. denied,* —— U.S. —— 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). In light of the record as a whole, the evidence of Appellant's guilt was overwhelming and the prosecutor's statement did not cause the rendition of an improper verdict. Point of error two is overruled.

Because we find error solely in the punishment stage of the trial, we remand this cause to the trial court for a new trial on punishment only pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (West 1988). Accordingly, the judgment of the trial court is reversed and remanded for a new trial as to punishment.