NO. 07-04-0021-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 15, 2005


______________________________



EDUARDO CERVANTEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. B15312-0401; HON. ROBERT KINKAID, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Eduardo Cervantez appeals from his conviction for aggravated assault via two
issues. The first involves the admission of various items of bloody clothing worn by his
victim. The second involves the effectiveness of trial counsel. We affirm the judgment.

 Issue One - Admission of Bloody Clothes

 Appellant contends that several items of clothing worn by the victim whom he had
shot were inadmissible because 1) he had pled guilty to the offense and 2) the evidence
resolved no issue before the court. Furthermore, he cites Hunter v. State, 275 S.W.2d 803
(Tex. Crim. App. 1954) in support of the contention. While the Court of Criminal Appeals
did state in Hunter that bloody clothes were not admissible unless they tended to solve a
disputed issue, Hunter was overruled in Bradford v. State, 608 S.W.2d 918 (Tex. Crim.
App. 1980). Now, their admissibility depends upon whether a verbal description of the
scene and body are admissible; if they are, then the clothes may also be received into
evidence. Id. at 920-21; accord, Griffin v. State, 665 S.W.2d 762, 769-70 (Tex. Crim. App.
1983) (reaffirming the rule announced in Bradford).

 Here, a detective investigating the shooting scene appeared as a witness at trial. 
The prosecutor had him describe the scene and appearance of the victim when he arrived. 
No one objected to that testimony; nor can anyone reasonably suggest that such verbal
testimony would have been inadmissible. But, once it was admitted then the condition
described in Bradford, and upon which admission of the clothing was dependent, had been
satisfied. 

 Moreover, the extensive blood loss depicted on the clothing could well have been
used by the jury in determining not only the risk of death confronting the victim but also the
gravity of appellant's crime. This is especially so when that evidence is coupled with other
evidence indicating that appellant shot his victim when her back was turned and as she
tried to run away. The gravity to depravity of the crime are indeed relevant factors which
a jury could consider in assessing punishment. 

 So too can it be said that evidence of the extensive blood loss served to discredit
appellant's contention that the shooting was accidental and that he did not intend to hurt
the woman (i.e. his girlfriend). Indeed, the jury could have concluded that had the shooting
been accidental, appellant would have attempted to render her aid rather than simply leave
as the victim cried and bled from the wound. 

 In short, the clothing was admissible and its admission did not serve only to inflame
the minds of the jurors. Consequently, we hold that the trial court did not abuse its
discretion in admitting the items.

 Issue Two - Effectiveness of Counsel

 Next, appellant contends that he received ineffective assistance of counsel. This
purportedly occurred when his trial attorney incorrectly informed appellant that appellant
could eschew appearing as a witness yet personally make a closing argument. The
inaccurate advice allegedly resulted in appellant being "prevented from providing any
statement or testimony." We overrule the issue.

 We need not discuss the pertinent standard of review for it is well-settled and amply
described in Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). We refer the
litigants to that opinion.

 Next, though the record discloses that defense counsel informed the trial court that
appellant wished to make part of the closing argument, nothing of record illustrates what
appellant's counsel actually told appellant about his ability to do so. Nor does evidence of
record illustrate that appellant would have testified at trial had he known that his attorney's
supposed advice was wrong. This is problematic because authority requires the supposed
misconduct of counsel to be "firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d at 813. 

 Similarly absent is evidence suggesting that defense counsel either would have
encouraged or dissuaded appellant from testifying irrespective of whether the trial court
allowed appellant to participate in the closing argument. Indeed, one cannot doubt that
influencing a defendant to remain silent during trial is an oft used trial strategy. It could well
be that appellant never intended to testify, but rather, wanted a way to speak to the jury
while avoiding the rigors of cross-examination. In other words, the defendant and his
attorney may have been engaging in a strategic maneuver hoping all the while to do that
which they knew they could not. Yet, whatever the case may be, we are left only to
speculate on the matter given the dearth of evidence in the record before us. And,
because of that missing evidence, we have no choice but to overrule the issue. 

 Having overruled each issue, we affirm the trial court's judgment.


 Brian Quinn

 Justice


Do not publish.