NO. 07-04-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 15, 2005
_____

EDUARDO CERVANTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B15312-0401; HON. ROBERT KINKAID, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Eduardo Cervantez appeals from his conviction for aggravated assault via two issues. The first involves the admission of various items of bloody clothing worn by his victim. The second involves the effectiveness of trial counsel. We affirm the judgment.

*Issue One – Admission of Bloody Clothes*

Appellant contends that several items of clothing worn by the victim whom he had shot were inadmissible because 1) he had pled guilty to the offense and 2) the evidence resolved no issue before the court. Furthermore, he cites *Hunter v. State*, 275 S.W.2d 803 (Tex. Crim. App. 1954) in support of the contention. While the Court of Criminal Appeals

did state in *Hunter* that bloody clothes were not admissible unless they tended to solve a disputed issue, *Hunter* was overruled in *Bradford v. State*, 608 S.W.2d 918 (Tex. Crim. App. 1980). Now, their admissibility depends upon whether a verbal description of the scene and body are admissible; if they are, then the clothes may also be received into evidence. *Id.* at 920-21; *accord, Griffin v. State*, 665 S.W.2d 762, 769-70 (Tex. Crim. App. 1983) (reaffirming the rule announced in *Bradford*).

Here, a detective investigating the shooting scene appeared as a witness at trial. The prosecutor had him describe the scene and appearance of the victim when he arrived. No one objected to that testimony; nor can anyone reasonably suggest that such verbal testimony would have been inadmissible. But, once it was admitted then the condition described in *Bradford*, and upon which admission of the clothing was dependent, had been satisfied.

Moreover, the extensive blood loss depicted on the clothing could well have been used by the jury in determining not only the risk of death confronting the victim but also the gravity of appellant's crime. This is especially so when that evidence is coupled with other evidence indicating that appellant shot his victim when her back was turned and as she tried to run away. The gravity to depravity of the crime are indeed relevant factors which a jury could consider in assessing punishment.

So too can it be said that evidence of the extensive blood loss served to discredit appellant's contention that the shooting was accidental and that he did not intend to hurt the woman (*i.e.* his girlfriend). Indeed, the jury could have concluded that had the shooting been accidental, appellant would have attempted to render her aid rather than simply leave as the victim cried and bled from the wound.

2

In short, the clothing was admissible and its admission did not serve only to inflame the minds of the jurors. Consequently, we hold that the trial court did not abuse its discretion in admitting the items.

*Issue Two – Effectiveness of Counsel*

Next, appellant contends that he received ineffective assistance of counsel. This purportedly occurred when his trial attorney incorrectly informed appellant that appellant could eschew appearing as a witness yet personally make a closing argument. The inaccurate advice allegedly resulted in appellant being "prevented from providing any statement or testimony." We overrule the issue.

We need not discuss the pertinent standard of review for it is well-settled and amply described in *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We refer the litigants to that opinion.

Next, though the record discloses that defense counsel informed the trial court that appellant wished to make part of the closing argument, nothing of record illustrates what appellant's counsel actually told appellant about his ability to do so. Nor does evidence of record illustrate that appellant would have testified at trial had he known that his attorney's supposed advice was wrong. This is problematic because authority requires the supposed misconduct of counsel to be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d at 813.

Similarly absent is evidence suggesting that defense counsel either would have encouraged or dissuaded appellant from testifying irrespective of whether the trial court allowed appellant to participate in the closing argument. Indeed, one cannot doubt that influencing a defendant to remain silent during trial is an oft used trial strategy. It could well

3

be that appellant never intended to *testify*, but rather, wanted a way to speak to the jury while avoiding the rigors of cross-examination. In other words, the defendant and his attorney may have been engaging in a strategic maneuver hoping all the while to do that which they knew they could not. Yet, whatever the case may be, we are left only to speculate on the matter given the dearth of evidence in the record before us. And, because of that missing evidence, we have no choice but to overrule the issue.

Having overruled each issue, we affirm the trial court's judgment.


Brian Quinn
Justice

Do not publish.