# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00420-CR

**Christobal Rodriguez Robles, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 2025020, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Christobal Rodriguez Robles guilty of aggravated robbery and assessed his punishment at ten years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). In two points of error, appellant contends the trial court did not properly submit jury issues regarding the voluntariness of his statement to the police and his commission of an extraneous offense. Finding no error, we will affirm the conviction.

Appellant was one of two men who robbed an employee of an Austin jewelry store at gunpoint. Following his arrest, appellant gave a videotaped oral statement to the police. In this statement, appellant confessed to his participation in the charged robbery and in another jewelry store robbery one month earlier. The trial court overruled appellant's motion to suppress the statement after determining that it was voluntarily given. *See* Tex. Code Crim. Proc. Ann. art. 38.22 (West 2005). That portion of the statement relating to the charged offense was admitted in evidence during

the guilt-innocence phase of the trial. The remainder of the statement, in which appellant confessed to the extraneous robbery, was admitted during the punishment phase.

At both stages of the trial, the court instructed the jurors not to consider appellant's statement unless they believed beyond a reasonable doubt that appellant was advised of his rights before making the statement, that appellant voluntarily waived his rights, and that appellant made the statement voluntarily and without compulsion or persuasion. *See id*. art. 38.22, § 6. In his first point of error, appellant contends that the court erred by refusing his request for a special issue requiring the jury to expressly find that the statement was or was not voluntary.

The court of criminal appeals has consistently held that a defendant is not entitled to a special issue of the sort requested by appellant regarding the voluntariness of a statement. *Robinson v. State*, 851 S.W.2d 216, 235 (Tex. Crim. App. 1993) (op. on reh'g); *Brown v. State*, 475 S.W.2d 938, 951 (Tex. Crim. App. 1972), *overruled on other grounds*, *Bradford v. State*, 608 S.W.2d 918, 921 (Tex. Crim. App. 1980); *Harris v. State*, 457 S.W.2d 903, 915-16 (Tex. Crim. App. 1970), *rev'd on other grounds*, 403 U.S. 947 (1971). Appellant argues that without an express finding by the jury, a defendant cannot know whether the erroneous admission of a statement was harmful. That is an argument appellant is in no position to make because he does not challenge the court's finding that his statement was voluntary. The instructions given were sufficient to protect appellant's rights. Point of error one is overruled.

In point of error two, appellant contends that the procedure by which extraneous offenses are admitted at the punishment stage violates due process and due course of law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. At the punishment stage, the trial court may admit evidence "of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence

2

to have been committed by the defendant or for which he could be held criminally responsible."

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2005). The jury must be instructed not to consider evidence of an extraneous offense for which the defendant has not been convicted without first finding beyond a reasonable doubt that the defendant committed the offense. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Appellant argues that a special issue requiring the jury to expressly find that the defendant did or did not commit the extraneous offense should also be required.

Appellant did not request the special issue he now contends should have been given. *See* Tex. R. App. P. 33.1. Even constitutional claims may be waived by failing to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). The trial court properly instructed the jury as required by *Huizar*. Appellant does not contend that his guilt of the extraneous robbery was not proved beyond a reasonable doubt. In fact, appellant testified at the punishment stage and admitted his participation in both robberies. No error is presented. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: December 8, 2005

Do Not Publish