TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00420-CR




Christobal Rodriguez Robles, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. 2025020, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Christobal Rodriguez Robles guilty of aggravated robbery and
assessed his punishment at ten years’ imprisonment. See Tex. Pen. Code Ann. § 29.03 (West 2003). 
In two points of error, appellant contends the trial court did not properly submit jury issues regarding
the voluntariness of his statement to the police and his commission of an extraneous offense. 
Finding no error, we will affirm the conviction.
Appellant was one of two men who robbed an employee of an Austin jewelry store
at gunpoint. Following his arrest, appellant gave a videotaped oral statement to the police. In this
statement, appellant confessed to his participation in the charged robbery and in another jewelry store
robbery one month earlier. The trial court overruled appellant’s motion to suppress the statement
after determining that it was voluntarily given. See Tex. Code Crim. Proc. Ann. art. 38.22 (West
2005). That portion of the statement relating to the charged offense was admitted in evidence during
the guilt-innocence phase of the trial. The remainder of the statement, in which appellant confessed
to the extraneous robbery, was admitted during the punishment phase.
At both stages of the trial, the court instructed the jurors not to consider appellant’s
statement unless they believed beyond a reasonable doubt that appellant was advised of his rights
before making the statement, that appellant voluntarily waived his rights, and that appellant made
the statement voluntarily and without compulsion or persuasion. See id. art. 38.22, § 6. In his first
point of error, appellant contends that the court erred by refusing his request for a special issue
requiring the jury to expressly find that the statement was or was not voluntary.
The court of criminal appeals has consistently held that a defendant is not entitled to
a special issue of the sort requested by appellant regarding the voluntariness of a statement. 
Robinson v. State, 851 S.W.2d 216, 235 (Tex. Crim. App. 1993) (op. on reh’g); Brown v. State, 475
S.W.2d 938, 951 (Tex. Crim. App. 1972), overruled on other grounds, Bradford v. State, 608
S.W.2d 918, 921 (Tex. Crim. App. 1980); Harris v. State, 457 S.W.2d 903, 915-16 (Tex. Crim. App.
1970), rev’d on other grounds, 403 U.S. 947 (1971). Appellant argues that without an express
finding by the jury, a defendant cannot know whether the erroneous admission of a statement was
harmful. That is an argument appellant is in no position to make because he does not challenge the
court’s finding that his statement was voluntary. The instructions given were sufficient to protect
appellant’s rights. Point of error one is overruled.
In point of error two, appellant contends that the procedure by which extraneous
offenses are admitted at the punishment stage violates due process and due course of law. See U.S.
Const. amend. XIV; Tex. Const. art. I, § 19. At the punishment stage, the trial court may admit
evidence “of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally responsible.” 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2005). The jury must be instructed
not to consider evidence of an extraneous offense for which the defendant has not been convicted
without first finding beyond a reasonable doubt that the defendant committed the offense. Huizar
v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Appellant argues that a special issue requiring
the jury to expressly find that the defendant did or did not commit the extraneous offense should also
be required.
Appellant did not request the special issue he now contends should have been given. 
See Tex. R. App. P. 33.1. Even constitutional claims may be waived by failing to object at trial. 
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). The trial court properly instructed
the jury as required by Huizar. Appellant does not contend that his guilt of the extraneous robbery
was not proved beyond a reasonable doubt. In fact, appellant testified at the punishment stage and
admitted his participation in both robberies. No error is presented. Point of error two is overruled.
The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                Bob Pemberton, Justice
Before Justices B. A. Smith, Puryear and Pemberton
Affirmed
Filed: December 8, 2005
Do Not Publish