Affirmed and Memorandum Opinion filed April 15, 2008








Affirmed and Memorandum Opinion filed April 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01071-CR

_______________

 

THOMAS DALE GIAMMONA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 176th District Court

 Harris County, Texas

Trial Court Cause No. 1022644

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In a
single issue, appellant, Thomas Dale Giammona, contends the evidence is
factually insufficient to support his conviction for theft of more than twenty
thousand dollars and less than one hundred thousand dollars.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.

I. Background








In 2004,
appellant worked as an online technical support advisor for Universal Weather
and Aviation (Universal), a private company that provides aviation support to
corporate aircraft operators.  In August 2004, the supervisor of Universal=s credit department investigated
several suspicious debits from Universal=s credit card account.  She
discovered seven refunds from Universal=s credit card machine, totaling
$37,377.03, that did not correlate with any of Universal=s customer accounts.  She ultimately
discovered that each of these refunds had been deposited into appellant=s bank account.

On
August 9, 2004, appellant met with his division manager and three other
Universal employees to discuss the debits from Universal=s account.  At the meeting, appellant
admitted he knew he had received credits in his bank account from Universal
that he was not owed.  Further, appellant stated he spent all the money and was
unable to make restitution.  Appellant was terminated from his position with
Universal on August 13, 2004. 

The
State charged appellant by indictment with the offense of theft.  The jury
found him guilty and, after finding an enhancement allegation true, assessed
punishment at nine years= confinement.

II. Analysis

In his
sole issue, appellant contends the evidence is factually insufficient to
support his conviction for theft.  In reviewing factual-sufficiency claims, we
view all the evidence in a neutral light and will set aside the verdict only to
prevent manifest injustice.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  In conducting a factual-sufficiency review, we engage in a
two-prong test to determine whether there is some objective basis to find: (1)
the evidence in support of the jury=s verdict is so weak that the jury=s verdict seems clearly wrong and
unjust; or (2) in considering conflicting evidence, the jury=s verdict is against the great weight
and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).








A person
is guilty of theft if he unlawfully appropriates property with intent to
deprive the owner of the property.  See Tex. Pen. Code Ann. ' 31.03(a) (Vernon 2003 & Supp.
2007).  Appropriation of property is unlawful if it is without the owner=s effective consent.  See Tex.
Pen. Code Ann. ' 31.03(b) (Vernon 2003 & Supp. 2007). 

At
trial, the State=s evidence showed seven deposits to appellant=s bank account matching unauthorized
automated clearing house debits charged to Universal by Global Payments,
Universal=s credit facilitation service.[1]  This money
was not a part of appellant=s salary, and Universal never authorized the money to be paid
to appellant.  Additionally, appellant admitted he knew the funds, which he was
not owed, had been deposited in his bank account by Universal, and that he had
spent the money.

Appellant
contends this evidence does not militate the conclusion he committed a theft of
Universal=s property because the evidence is equally consistent with a conclusion
that Universal mistakenly deposited the funds in his bank account.  In support
of this theory, appellant notes that, at least once during 2004, Universal paid
approximately seventy percent of its employees incorrect amounts through its
direct deposit program.  Appellant further points to his own statements wherein
he claimed that he contacted his bank when he first discovered the funds had
been deposited into his account and was told the deposits resulted from bank
error.[2]  








It was
the jury=s role as fact finder to resolve any
discrepancies or inconsistencies in the evidence, determine the credibility and
weight to be given the evidence, and draw reasonable inferences from the
evidence.  See Tex. Code Crim. Proc. Art. 38.04.  Although our
factual-sufficiency jurisprudence allows us to substitute our judgment for the
jury=s on those questions to a limited
degree, we still afford due deference to the jury=s determination.  Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  The jury was in the
best position to evaluate the credibility of the witnesses, and we give proper
deference to its determination.  See id.  We cannot conclude
appellant=s cited evidence renders the jury=s verdict factually insufficient.

Appellant
further contends the evidence is factually insufficient to support the jury=s verdict because the State presented
no direct evidence that he committed the crime charged.  Specifically, he notes
that none of Universal=s employees observed him use Universal=s credit card machine and Universal
did not maintain video surveillance of the machine.  Further, no one heard
appellant use the credit card machine, even though the machine made noise while
in use and four or five employees were stationed nearby.

Although
it is axiomatic that the State must prove beyond a reasonable doubt that the
accused is the person who committed the crime charged, identity may be proved
with direct or circumstantial evidence.  Smith v. State, 56 S.W.3d 739,
744 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Proof of identity though
circumstantial evidence is not subject to a more rigorous standard than is
proof by direct evidence.  Id. (citing McGee v. State, 744 S.W.2d
229, 238 (Tex. Crim. App. 1989)).  As stated above, the State=s evidence demonstrated that seven
debits charged to Universal by its credit facilitation service were deposited
into appellant=s bank account, and appellant acknowledged that he had received the funds
and spent the money.  This evidence is sufficient to support the jury=s verdict.








In sum,
after reviewing the evidence in a neutral light, we cannot conclude the
evidence in support of the jury=s verdict is so weak that the jury=s verdict seems clearly wrong and
unjust, or in considering conflicting evidence, that the jury=s verdict is against the great weight
and preponderance of the evidence.  Appellant=s sole issue is overruled.

Accordingly,
the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed April 15, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 









[1]  Most of these transactions occurred on days
appellant worked at Universal or used his access card to enter the facility. 
Further, appellant=s former division manager testified that Universal
employees could enter the facilities without using an access card either by
entering through the front entrance or by following another employee through a
secured door.





[2]  Appellant also seems to argue that he could not have
personally used Universal=s credit card machine because Universal never issued
him a credit card number.  However, appellant cites, and we can find, no
testimony that a specific credit card number issued by Universal was required to
use the credit card machine.  In fact, it was possible to refund money from the
credit card machine with any valid credit or debit card number.  It is possible
that appellant is referencing the credit card machine=s authorization code and arguing that he could not
have used the machine because Universal never informed him of the machine=s authorization code.  However, the supervisor of
Universal=s  credit department testified that the credit card
machine=s authorization code could be defeated by pressing A0.@