Charles MOSCATELLI, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13-90-346-CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1991.

Rehearing Overruled Feb. 13, 1992.

**694**

Richard Haynes, Houston, Knute L. Dietze, Victoria, for appellant.

George J. Filley, III, Dist. Atty. of Victoria County, Keith S. Weiser, Victoria, for appellee.

Before NYE, C.J., SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of murder after a plea of not guilty, and punishment was assessed by the jury at thirty-five years in prison and a fine of $10,000. Appellant brings three points of error and urges reversal on grounds that the trial court abused its discretion by denying appellant's motion for mistrial when State's witnesses violated the rule of exclusion of witnesses (the Rule) and spontaneously testified to an extraneous offense. Appellant further claims the trial court erred in "stacking" appellant's state sentence on a federal sentence. We briefly review the facts.

Charles Moscatelli, Jr., and his estranged wife, Georgia, were in the process of getting a divorce in 1988. The marriage, appellant's fourth, had been short and stormy, allegedly due to Georgia's use of marihuana and cocaine. There was evidence that appellant and the deceased fought frequently, and on many occasions both parties fought violently. Georgia's body was found in appellant's house with three gunshot wounds and with her wrists slashed. Appellant contended that the decedent was angry with him about their property settlement and that she came to his house intoxicated and high on cocaine. Appellant maintained throughout trial that Georgia, enraged and threatening to kill him, initiated a violent fight which ended in appellant shooting her in self defense. The coroner's toxological report showed traces of cocaine in Georgia's blood. A medical expert further testified that the three bullet wounds sustained by Georgia Moscatelli were at an angle which indicated that the bullets had come from below—consistent

---

**1.** Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

with the theory that there had been a struggle for the discharging weapon.

In his first point of error, appellant claims that reversible error occurred when the trial court failed initially to grant a mistrial because of violations of the Rule, and then failed to instruct the jury to disregard Sylvia White's testimony. Sylvia White had been a clerk for Justice of the Peace Beatrice Gonzales in Victoria for ten years and was serving as Justice of the Peace herself at the time the offense was committed. The State called her to testify about conversations she had with appellant during the latter part of 1988. White testified that during these conversations, appellant had asked her various questions of a legal nature, such as what would be a "good defense" for him in his "situation;" he stated that he had shot Georgia three times in order to make sure she would not get up again; and he had commented that, without knowing why, he had slashed the victim's wrists after shooting her. White testified that she had told Beatrice Gonzales, Beth Hawes Chamrad, and Jaime Flores, a DPS officer, about these conversations between herself and appellant shortly after they occurred.

After White finished testifying on Thursday, she rode back to Victoria with her friend Beth Hawes Chamrad. Chamrad had been present in court that day during White's testimony until, on appellant's cross-examination, White testified that Chamrad was one of the persons she had told about her conversations with appellant. Appellant's counsel immediately designated Chamrad as a possible witness and had her sworn and placed under the Rule. Appellant contends that, during their drive back to Victoria together, White discussed the remainder of her cross-examination testimony with Chamrad. However, the record does not clearly establish whether the two women discussed the substance of that testimony or merely discussed the event of the trial and counsel's strenuous cross-examination techniques.

In Victoria on Friday, White, Beatrice Gonzales, and Chamrad had lunch together. Part of the lunch conversation concerned counsel's cross-examination of White, and White informed the others that, in her testimony, she had mentioned their names as people whom she had told about her conversations with appellant. Appellant contends that this conversation, a telephone conversation between White and Gonzales early Friday to set up the luncheon, and the conversation between White and Chamrad on the road, violated the Rule and that such violations require reversal.

In a hearing conducted out of the jury's presence, appellant's counsel called Chamrad, Gonzales, and White to the stand and adduced the substance of all of these conversations. Counsel promptly moved for a mistrial, and, upon the motion being denied, he moved to strike White's testimony, for an instruction to disregard, and for a limiting instruction. All of these requests were denied. After the Rule hearing, appellant's counsel called White, Gonzales, and Jaime Flores to the stand to testify before the jury. White and Gonzales repeated their testimony regarding the Rule violations. Appellant's counsel further questioned Gonzales about the facts of the case, but Gonzales testified that she did not remember White ever telling her about conversations White had with appellant. Counsel did not call Chamrad to testify before the jury. Appellant called Jaime Flores to the stand for the first time after Gonzales testified.

 It is clear from this record that Rule violations occurred. While the Rule ought to be complied with, not every violation is reversible error. *Beets v. State*, 767 S.W.2d 711, 746 (Tex.Crim.App.1987), *cert. denied*, —— U.S. ——, 111 S.Ct. 538, 112 L.Ed.2d 548 (1990). Enforcement of the Rule is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion or injury to the defendant. *Beets*, 767 S.W.2d at 747 (citations omitted). Despite the Rule violations, appellant does not show injury. Injury must be established by showing two things: (1) the witness actually conferred with or heard the testimony of the other witness; and (2) the witness's testimony contradicted the testimony of a witness

from the opposite side or corroborated the testimony of another witness he had conferred with or had otherwise actually heard. *Webb v. State,* 766 S.W.2d 236, 240 (Tex.Crim.App.1989).

■ With respect to White's testimony, appellant fails to meet the first element of the above-referenced test. The purpose of the Rule is to prevent corroboration, contradiction, and the influencing of witnesses. The influence to be avoided is that between witnesses who testify subsequent to one another at trial. *Beets,* 767 S.W.2d at 746 (citations omitted). White testified before any Rule violation occurred. Therefore, her trial testimony could not have been influenced by the violation.

■ While Gonzales' testimony does meet the first prong, it fails to meet the second. Gonzales testified that she did not remember having any conversations with White about Charles Moscatelli. Neither did she remember any of the specific statements White attributed to him, such as the statements about the victim being shot three times, or the victim's wrists being slashed. Although Gonzales was called by appellant and her testimony and White's conflicted, appellant could not have been harmed by the inconsistency. Appellant's case was aided by Gonzales' testimony because it advanced his theory that the conversations were either fabricated by White or were so insignificant to her that she failed to inform any authorities that Charles Moscatelli had made inculpatory statements to her.

Chamrad was never called to testify before the jury, and therefore, appellant can have no complaint regarding Chamrad.

Finally, it was never established that Jaime Flores was a party to any of the objectionable conversations. Moreover, like Gonzales, Flores testified that he did not remember White ever having told him about conversations she may have had with appellant. Therefore, Flores' testimony meets neither of the prongs required to show injury. We find no abuse of discretion in the trial court's denial of counsel's motions. Point one is overruled.

In his second point of error, appellant complains that the trial court erred in overruling his motion for mistrial when Kelvin Allen spontaneously testified to an extraneous offense. Kelvin Allen is a detective for the Victoria Police Department, and he was the case agent in charge of the investigation of the premises where Georgia Moscatelli's body was found. The basis of appellant's complaint is Allen's answer to defense counsel's question:

Q: Well, I'm not understanding you, then. Are you saying that the only time you appeared for a pretrial hearing was over a year ago?

A: Yes, sir, the only time I reviewed this case with anyone has been over a year ago. That was before Mr. Moscatelli was arrested on a federal charge.

■ The record reflects that the trial court granted appellant's pretrial motion in limine prohibiting the State or its witnesses from mentioning prior convictions, extraneous offenses, arrests, or pending charges. We agree that the instant response was an improper reference to an extraneous offense. However, not every improper response requires reversal. If a timely objection to the remark is sustained, and the trial court instructs the jury to disregard, the error is cured, except in extreme cases when the evidence appears clearly calculated to inflame the minds of the jury and is of such character that it would be impossible to withdraw the impression produced in their minds. *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984). *See also Barney v. State,* 698 S.W.2d 114, 125 (Tex.Crim.App.1985); *Mowbray v. State,* 788 S.W.2d 658, 666 (Tex.App.—Corpus Christi 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). The trial court sustained defense counsel's objection, and gave the jury an instruction to disregard, but overruled the motion for mistrial. The question before us, then, is whether the comment was so calculated to inflame the minds of the jury that an instruction to disregard was ineffective. We find that it was not. The cases cited by appellant required reversal because the references to extraneous offenses were improperly elicited by the State. *See Funderburk v. State,*

659 S.W.2d 122 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Lockett v. State,* 744 S.W.2d 229 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). In the present case, Allen was called by appellant, the response was given in answer to appellant's question, and the prosecutor expressed shock equal to appellant's that the witness had offered such a comment. In light of the entire record, which covered two weeks of trial, and in which some twenty-six witnesses were called, we find that this one-line reference, although improper and gratuitous, was cured by the court's instruction to disregard. Point two is overruled.

In his third point of error, appellant complains that it was error for the trial court to "stack" appellant's state sentence on his federal sentence. Appellant was sentenced to six months' confinement in a federal prison, three years supervised release, and a $5,000 fine for receipt of a firearm while under felony indictment. The trial court for the present offense determined that appellant's state sentence should begin upon completion of the federal sentence. Appellant claims that such "stacking" of sentences is prohibited by Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon 1979 & Supp.1991). To support this proposition, appellant relies on cases which were decided under the old version of the Code, prior to the amendments that became effective on August 31, 1987. The language of article 42.08, as amended, now allows trial judges to stack a state sentence upon a preceding sentence, whether it be one imposed by a Texas judgment or federal. Tex.Code Crim.Proc.Ann. art. 42.08(a) (Vernon 1979 & Supp.1991). We find no error in the trial court's decision to stack the state court sentence on the federal one. Point three is overruled.

The judgment of the trial court is AFFIRMED.