TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00559-CR







Tyrone Jackson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0963012, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of two counts of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for eighty years.

 Appellant and an accomplice robbed the victims at gunpoint and fled in a gray Camaro. 
Several hours later, appellant was stopped by the police for a traffic offense while driving an automobile
matching the description of the suspect vehicle. The arresting officer was questioned by the prosecutor as
follows:


Q. And after you got Tyrone Jackson's identity, did you check with dispatch to see if
there were any arrest warrants out for him?


A. I did.


R. Was there one?


A. There was an arrest warrant for forfeiture.



At this point, appellant objected and, at a bench conference, complained that the prosecutor's question as
to whether there was an outstanding arrest warrant violated his pretrial motion in limine. Appellant further
objected that the officer's answer injected an "irrelevant and prejudicial extraneous offense into the case"
in violation of rules 403 and 404. Tex. R. Crim. Evid. 403, 404. The court sustained the objection and
instructed the prosecutor, "You can say he arrested him, but you can't ask him why." After overruling
appellant's motion for mistrial, the court instructed the jury "to completely disregard the last question by
the state addressed to the witness and the witness's response. You are not to consider them for any
purpose in this trial whatsoever." In three points of error, appellant contends this instruction was not
sufficient to cure the error, which he claims violated the United States and Texas constitutions as well as
the rules of evidence. U.S. Const. amend. V; Tex. Const. art. I, § 19; Tex. R. Crim. Evid. 404(b).

 Error in the admission of improper testimony is usually cured by an instruction to disregard
the evidence. A curative instruction will be deemed insufficient only in extreme cases where the evidence
appears clearly calculated to inflame the minds of the jurors and is of such character that it would be
impossible to withdraw the impression produced in their minds. Coe v. State, 683 S.W.2d 431, 436 (Tex.
Crim. App. 1984). The prosecutor told the court that she asked about the outstanding warrant merely to
explain the circumstances of appellant's arrest. We find no reason to believe the question was calculated
to inflame the minds of the jurors, and appellant does not argue to the contrary. We also believe that the
single reference to the forfeiture offense was not of such character as to leave an indelible impression in the
jurors' minds. See Id., at 435-36 (reference to "other robberies" during robbery trial cured by instruction);
Moscatelli v. State, 822 S.W.2d 693, 696 (Tex. App.--Corpus Christi 1991, no pet.) (reference to
"federal charge" during murder trial cured by instruction). In the opinions on which appellant relies, the
evidence was far more prejudicial and there was a suggestion of bad faith on the part of the prosecutor. 
See Crawford v. State, 603 S.W.2d 874, 876 (Tex. Crim. App. 1980) (in murder prosecution, hearsay
statement regarding defendant's earlier attempt to kill victim not cured by instruction); Robinette v. State,
816 S.W.2d 817, 819 (Tex. App.--Eastland 1991, no pet.) (in murder prosecution, testimony defendant
once bragged about killing police officer was calculated to inflame and not cured by instruction). We hold
that the district court's instruction to disregard was sufficient to cure any error in this cause and overrule
points of error one, two, and three.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 17, 1997

Do Not Publish



JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of two counts of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for eighty years.

 Appellant and an accomplice robbed the victims at gunpoint and fled in a gray Camaro. 
Several hours later, appellant was stopped by the police for a traffic offense while driving an automobile
matching the description of the suspect vehicle. The arresting officer was questioned by the prosecutor as
follows:


Q. And after you got Tyrone Jackson's identity, did you check with dispatch to see if
there were any arrest warrants out for him?


A. I did.


R. Was there one?


A. There was an arrest warrant for forfeiture.



At this point, appellant objected and, at a bench conference, complained that the prosecutor's question as
to whether there was an outstanding arrest warrant violated his pretrial motion in limine. Appellant further
objected that the officer's answer injected an "irrelevant and prejudicial extraneous offense into the case"
in violation of rules 403 and 404. Tex. R. Crim. Evid. 403, 404. The court sustained the objection and
instructed the prosecutor, "You can say he arrested him, but you can't ask him why." After overruling
appellant's motion for mistrial, the court instructed the jury "to completely disregard the last question by
the state addressed to the witness and the witness's response. You are not to consider them for any
purpose in this trial whatsoever." In three points of error, appellant contends this instruction was not
sufficient to cure the error, which he claims violated the United States and Texas constitutions as well as
the rules of evidence. U.S. Const. amend. V; Tex. Const. art. I, § 19; Tex. R. Crim. Evid. 404(b).

 Error in the admission of improper testimony is usually cured by an instruction to disregard
the evidence. A curative instruction will be deemed insufficient only in extreme cases where the evidence
appears clearly calculated to inflame the minds of the jurors and is of such character that it would be
impossible to withdraw the impression produced in their minds. Coe v. State, 683 S.W.2d 431, 436 (Tex.
Crim. App. 1984). The prosecutor told the court that she asked about the outstanding warrant merely to
explain the circumstances of appellant's arrest. We find no reason to believe the question was calculated
to inflame the minds of the jurors, and appellant does not argue to the contrary. We also believe that the
single reference to the forfeiture offense was not of such character as to leave an indelible impression in the
jurors' minds. See Id., at 435-36 (reference to "other robberies" during robbery trial cured by instruction);
Moscatelli v. State, 822 S.W.2d 693, 696 (Tex. App.--Corpus Christi 1991, no pet.) (reference to
"federal charge" during murder trial cured by instruction). In the opinions on which appellant relies, the
eviden