Opinion filed May 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00191-CR
_____

### JARED MORRISON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR29320**

## M E M O R A N D U M   O P I N I O N

Jared Morrison appeals the trial court's decision to revoke community supervision and proceed to adjudicate guilt for the offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). Upon adjudication, the trial court assessed Appellant's punishment at confinement for sixteen years, to run

consecutively to his federal sentence. In five issues, Appellant challenges the trial court's revocation order, an evidentiary ruling, the decision to stack his sentences, the assessed punishment, and conflicts between the trial court's oral pronouncement and its written judgment. We modify and affirm.

## I. Background

In a signed judicial confession, Appellant admitted that he "intentionally and knowingly cause[d] the penetration of the female sexual organ of [M.M.]" by Appellant's sexual organ and that M.M. was "younger than 17 years of age." Pursuant to a plea bargain, the trial court deferred adjudicating Appellant's guilt and placed him on community supervision for nine years. Less than a year later, in March 2005, the State moved to proceed to adjudicate his guilt. Appellant entered into yet another plea agreement with the State where he agreed, among other things, to enter a plea of true to the allegations, to extend his community supervision for an additional two years, to serve ninety days in jail as an additional condition of community supervision, and to enroll in the Treatment Alternative Incarceration Program (TAIP) until he successfully completed the program and was discharged by a TAIP counselor.

In April 2010, the State once again moved to proceed to revoke Appellant's community supervision and to adjudicate his guilt. In that motion, the State alleged that Appellant violated five conditions of community supervision. In March 2011, the State amended its motion to add two additional violations. The State alleged that Appellant (1) failed to pay fees, (2) failed to report a change of address, (3) possessed and used marihuana, (4) failed to pay for drug and alcohol testing, (5) failed to verify registration as a sex offender, (6) was convicted in federal court of failing to register as a sex offender, and (7) failed to report in person. The State abandoned allegations 3, 4, and 6 at the hearing, and the trial court found the remaining four allegations to be true. The court revoked

Appellant's community supervision, adjudicated him guilty of the offense of sexual assault of a child, assessed punishment at confinement for sixteen years, and ordered that the sentence run consecutively to Appellant's sentence on federal charges.

## II. Analysis

### A. Sufficiency of the Evidence

Appellant challenges the legal and factual sufficiency of the evidence supporting the violations alleged by the State. When a defendant violates a condition of community supervision that was imposed under an order of deferred adjudication, the defendant is entitled to a hearing before the trial court determines whether to proceed to adjudicate guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). We review a trial court's decision to proceed to adjudicate guilt in the same manner that we review the decision to revoke community supervision after a finding of guilt and suspended sentence. *Id.*; *Connolly v. State*, 983 S.W.2d 738, 745 n.11 (Tex. Crim. App. 1999).

We review a trial court's order in which the trial court revokes community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). We review the evidence in the light most favorable to the trial court's ruling. *Id.* The State has the burden to prove a violation of the conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). Proof by a preponderance of the evidence of a single alleged violation of a condition of community supervision sufficiently supports a revocation order. CRIM. PROC.

3

art. 42.12, § 21(b); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). If the State fails to meet the burden of proof, the trial court's decision to revoke community supervision is an abuse of discretion. *Cardona*, 665 S.W.2d at 493–94. Our review is limited to an assessment of legal sufficiency because reviewing "for factually sufficient evidence is inappropriate given the trial court's wide discretion and the unique nature of community supervision revocation proceedings." *Antwine*, 268 S.W.3d at 637.

The evidence established that one condition of Appellant's community supervision was that he report weekly to the Midland County Community Supervision and Corrections Department. The State offered the testimony of Ramona Martin, who supervises probationers in the Midland Judicial District Community Supervision and Corrections Department. Martin testified that she supervised Appellant and that he "failed to report in person on . . . May 6, 2010, May 13, 2010, and May 20, 2010." Reviewing the evidence in the light most favorable to the trial court's ruling, we conclude that the evidence is sufficient to show by a preponderance of the evidence that Appellant violated a condition of community supervision when he failed to report in person on the 6th, 13th, and 20th of May 2010. Because proof of one violation is sufficient to uphold the trial court's ruling, we need not discuss the others. Appellant's fifth issue is overruled.

*B. Admissibility of Sex Offender Registration Records*

In his fourth issue, Appellant argues that the trial court abused its discretion when it overruled his hearsay objection to the admission of information concerning Appellant from the Midland Police Department's office for sex offender registration. Appellant contends that the State "failed to prove that it was the regular practice of the City of Midland to make the records." The State contends that this error has not been preserved for our review because Appellant "did not timely object on this ground of failure to lay the proper predicate."

4

We review a trial court's evidentiary ruling for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991). "To preserve a complaint for appellant review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint." *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 33.1(a)). The party must "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). When this procedure is followed, the trial court and the State have the opportunity to correct the error. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). To determine "whether the complaint on appeal comports with the complaint made at trial," we must "consider the context in which the complaint was made and the parties' shared understanding at that time." *Id.*

Properly authenticated records of regularly conducted business activities are an exception to the hearsay rule. TEX. R. EVID. 803(6). The proponent of the business record must show that the records were (1) made in the regular course of business, (2) kept in the regular course of business, (3) made at or near the time of the activity recorded therein, and (4) made by someone with personal knowledge of the activity. *See id.* The offering party may make this showing through the testimony of the custodian of records or another qualified witness. *Id.*

At trial, the State offered the entire file in which it had documented Appellant's activities related to sex offender registration; Detective Daniel Espinosa was the authenticating witness. Detective Espinosa testified that his "present assignment is over the sex offender program in the city of Midland" and that he is the "custodian of records for the Midland Police Department for sex

offenders who must register." When the State offered the file into evidence, Appellant objected as follows:

> We object, your Honor. Obviously, Mr. Morrison has been required to register since 2004. Officer Espinosa has only been the supervising officer for sex offenders since 2010. There is no way that he can say these are truthful records, and go back that far.
>
> So he has no personal knowledge under 602.
>
> It is not rationally based on his--his opinion can't be based on a rational set of facts under 701, lay opinion testimony.
>
> They would, therefore, be hearsay under 801 and 802, and would not be relevant under 401, 402 and 403.

The trial court immediately overruled the objection without explanation.

The rule that provides for the admission of business records as an exception to the hearsay rule requires that the creator of the events have personal knowledge of the events recorded. Further, the authenticating witness must have knowledge of how the records are prepared, although he is not required to have personal knowledge of the contents of the record. *Campos v. State*, 317 S.W.3d 768, 777–78 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("Rule 803(6) does not require that the person authenticating the record be either the creator of the record or to have personal knowledge of the information recorded therein."); *cf. Butler v. State*, 872 S.W.2d 227, 237 (Tex. Crim. App. 1994) (concluding that the autopsy report prepared by one medical examiner was admissible as a business record based on the authenticating-witness testimony of a different medical examiner in the same office). Appellant challenged the witness's personal knowledge of the contents of the record at trial, but on appeal Appellant challenges the sufficiency of the evidence showing the witness's personal knowledge of how the records were prepared. Appellant's argument on appeal does not comport with his argument at

trial and thus did not put the trial court on notice of his complaint when it was in a position to correct any potential error. *See Pena*, 285 S.W.3d at 464. We conclude that Appellant failed to preserve the issue for appellate review.

Even if Appellant had preserved this issue for our review, the record does not support Appellant's contention that "[t]he State failed to prove that it was the regular practice of the City of Midland to make the records." Detective Espinosa testified that, when a defendant is convicted of a sexual offense and lives in Midland, the defendant must register every ninety days or annually, depending on the offense. Detective Espinosa said that he checks the date that the defendant's verification is due and "keep[s] up with the files of their records." Detective Espinosa stated that he is the person that sex offenders must report to and register with if they reside within the City of Midland. Martin testified that, in the course of Appellant's community supervision, she and other supervising officers made entries into his records that are maintained by the Community Supervision and Corrections Department and that supervising officers are "required to keep such data records on each individual they supervise." Detective Espinosa verified that the record offered by the State was "the file maintained on [Appellant] by the Midland Police Department for sex offender registration." Even if this issue had been preserved for review, there is some evidence to support a conclusion that it was the regular course of business for the Midland Police Department to make these records. Appellant's fourth issue is overruled.

### C. Punishment Assessed

In his second and third issues, although Appellant recognizes that the trial court has discretion to decide whether multiple sentences will be served consecutively or concurrently, he contends that it was an abuse of discretion to do so in this case. He asserts that the "[t]he decision by the trial court to almost give

[Appellant] the maximum sentence and run it consecutive to his Federal sentence constitutes cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution.

### 1. Cumulative Sentences

The legislature vested trial courts with the discretion to order either that a subsequent sentence begins to run when a prior sentence is concluded or that the sentences run concurrently. TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2012). As long as the trial court complies with statutory requirements, the court has absolute discretion to cumulate sentences. *See Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. [Panel Op.] 1979) (holding cumulation proper because statutory prohibitions did not apply); *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978) ("There is no 'right' to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the discretion of the trial judge."). Because the legislature vested the trial court with discretion to order consecutive sentences, we review that decision for an abuse of discretion. *Banks v. State*, 503 S.W.2d 582, 587 (Tex. Crim. App. 1974).

Appellant contends, without explanation or authority, that the trial court's decision in this case to "stack" his sixteen-year sentence on top of the eighteen-month federal sentence was "outside the zone of reasonable disagreement." Because trial courts are authorized to "stack" a state sentence on top of a federal sentence, we find nothing in the record to support Appellant's contention that the trial court's decision was outside the zone of reasonable disagreement. *See Moscatelli v. State*, 822 S.W.2d 693, 697 (Tex. App.—Corpus Christi 1991, no pet.) (construing 1987 amendment of Article 42.08 to allow stacking of state sentences upon a federal sentence). The record supports the trial court's decision to cumulate Appellant's sentence. Appellant's third issue is overruled.

## 2. *Cruel and Unusual Punishment*

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment "absent a showing of abuse of discretion and harm." *Id.* As a general rule, a sentence that falls within the range of punishment authorized by statute is not cruel, unusual, or excessive. *Id.* Even if the sentence falls within the statutory range for the crime, the sentence must be proportional to the crime. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277, 290–91 (1983). To assess the proportionality of a sentence, we first make a threshold comparison between the gravity of the offense and the severity of the sentence. *Harmelin*, 501 U.S. at 1005. If we can infer that the sentence is grossly disproportionate to the offense, we then consider the sentences imposed for similar crimes in the same jurisdiction and the sentences imposed for the similar crime in other jurisdictions to determine whether the sentence is cruel and unusual. *Id.*; *Solem*, 463 U.S. at 292.

In comparing the gravity of the offense to his sentence, Appellant contends that the failure to pay court fees, failure to report an address change, and failure to notify the sex offender registration office of his location "should not constitute a sentence of sixteen (16) years in the Texas Department of Criminal Justice." This argument overlooks the offense for which Appellant was convicted; he was not sentenced for violations of conditions of community supervision but, rather, for sexual assault of a child. The State argues that Appellant's sentence is proportional because Appellant "perpetrated a horrible crime against a child," because he "willfully violated the conditions of his community supervision and absconded from the jurisdiction of this court," because the trial court modified his conditions of community supervision on three occasions before finally proceeding

to adjudicate, and because his sentence is within the range of punishment for a second-degree felony. The State notes that, if we also consider the federal sentence in comparing proportionality, Appellant's "total sentence of 16 years plus 18 months is still less than the statutory maximum sentence of 20 years for a second degree felony."

Appellant committed the second-degree felony offense of sexual assault of a child. The punishment for a second-degree felony is "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a) (West 2011). In addition, the punishment may include "a fine not to exceed $10,000." *Id.* § 12.33(b). A sixteen-year prison sentence falls within the range of punishment established by the legislature for this offense. In view of the facts that Appellant pleaded guilty to committing the offense of sexual assault of a child in this case, ignored registration requirements, absconded from the court's jurisdiction, and continually failed to comply with the terms and conditions of his community supervision, we cannot say that Appellant's sentence is grossly disproportionate.

Appellant contends that, when assessing proportionality, it is the "almost" maximum sentence of sixteen years that is "stacked" onto the eighteen-month federal sentence that makes his sentence grossly disproportional. Appellant overlooks the fact that the sentences are for separate offenses with corresponding ranges of punishment that are generally proportional to that offense. As discussed above, the trial court acted within its discretion when it "stacked" this sentence on top of Appellant's eighteen-month federal sentence. Further, as the State correctly notes, the combined sentences fall under the twenty-year maximum for the second-degree felony offense of sexual assault of a child. We cannot say that Appellant's sentence is grossly disproportionate; hence, we cannot say that it is cruel and unusual. Appellant's second issue is overruled.

10

*D. Judgment*

The State agrees with Appellant's final issue that the trial court's written judgment contains two errors. First, as our review of the record confirms, the trial court found that Appellant failed to pay fees in September 2009; February 2010, and April 2010, but the judgment seems to incorrectly reflect that fees were unpaid from June 30, 2004, through March 11, 2010. Second, the record shows that the State abandoned allegations 3, 4, and 6 at the end of the hearing, but the judgment erroneously reflects a finding of true to these allegations. This court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellant's first issue is sustained.

*This Court's Ruling*

We modify the trial court's judgment to reflect that Appellant failed to pay fees in September 2009, February 2010, and April 2010 only and also to delete the finding of "true" to allegations 3, 4, and 6 of the State's motion. As modified, we affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


May 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

11